The People ex rel. John Miller, Respondent, *v.* Canning E. Griswold, Commissioner, etc., Appellant.

Under the provisions of the Revised Statutes providing for the laying out of new roads, and the discontinuing of old ones (1 R. S., 502, *et seq.*), where a new road has been regularly laid out, it cannot be discontinued as an old one, before it has been opened and used, and when there has been no change of circumstances, removing the occasion for it and rendering it unnecessary.

The language of the statute (1 R. S., 517, § 81), authorizing the discontinuance of an old road where it has "become useless and unnecessary," implies a road for a time opened, but by a change of circumstances losing its usefulness; not a uselessness existing at the time it was laid out.

As to the necessity of the road at that time, the finding of the jury of freeholders in proceedings to lay it out is conclusive unless appealed from.

*Clark* v. *Commissioners* (1 T. & C., 193) distinguished.

(Submitted September 18, 1876 ; decided September 26, 1876.)

Appeal from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term, directing the issuing of a writ of peremptory mandamus commanding defendant, as commissioner of highways, of the town of Sheridan, Chautauqua county, to open and work a highway previously laid out by the commissioner of highways of said town.

60          People ex rel. Miller v. Griswold.          [Sept.,

Opinion of the Court, per Folger, J.

It appeared that on June 25, 1870, an order was regularly made and filed by William D. Strong, the then commissioner of said town, laying out said highway. Commissioners were appointed, and the damages duly assessed. No appeal was taken from the order or the assessment. The highway was not opened or worked, and on July 6, 1870, defendant, upon the certificate of twelve freeholders that said highway was unnecessary and useless, made and filed an order discontinuing it, and thereupon refused to open and work it.

*C. D. Murray* for the appellant. The highway having been legally discontinued it was error to allow a mandamus. (2 R. S. [5th ed.], 394; §§ 69, 70; id., 403, §§ 120, 121, 122, 123; *People ex rel. Clark* v. *Commissioners of Reading*, 1 T. & C., 193.)

*J. S. Russell* for the respondent. The preliminary steps having been taken, the commissioner, as a ministerial officer, was bound to open and work the highway. (1 Stat. at Large, 480, § 96; 3 id., 306, § 13; *People ex. rel. Shaut* v. *Commissioners of Highways*, 16 J. R., 60.) The granting of the mandamus was proper. (*People ex rel. Doughty* v. *Judges of Dutchess*, 20 Wend., 658; *People ex rel. Case* v. *Collins Commissioner*, 19 id., 55; *McCullough* v. *Mayor of Brooklyn*, etc., 23 id., 459.) The order discontinuing the highway having been obtained before it was opened and worked was void. (§ 18, art. 4, title 1, chap. 16, part 1 of R. S.; *People ex rel. Lyn* v. *Pike*, 18 How., 70; 2 T. & C., 352; *Miller* v. *Garlock*, 8 Barb., 157.)

Folger, J. The Revised Statutes give to commissioners of highways the power to lay out new roads, and to discontinue old roads. (1 R. S., 502, § 2.) They prescribe the facts which must exist, and the proceedings which must be taken, to exercise this power. (Id. 513, §§ 54, 55; p. 517 §§ 81, 82.) The predecessor of the appellant lawfully exercised his power, and the road in question became a new road laid out, though

never travelled upon, worked or opened; for the statutes distinguish between a road laid out, and a road opened, worked and used. (Id., p. 515, § 64.) The appellant, in his effort to exercise the power of discontinuing the road, was regular in all the steps taken, and has made lawful exercise of it, if this road is, within the meaning of the statute, an old road become useless and unnecessary. The word old, as used in these statutes, is not necessarily to be taken as meaning long-existing, ancient. The power to discontinue roads is given, not because they have been for a long time open to the public, but because, after having been some time open, they have become useless and unnecessary. (Id., p. 517, § 81.) The jury called to consider the application to discontinue, and sworn to examine and certify in regard to the propriety of the discontinuance (id.), are only to find and certify that the road is useless and unnecessary, not that it is old. (Id., § 82.) The words, a new road, in the statutes, mean a road newly laid out where one was not; and the words, an old road, are the opposite thereto, and mean one laid out and used, whether long ago or of more recent date.

And the whole policy of the statutes, as shown by all their provisions, does call for some length of existence of a road, before it can be discontinued as an old road. The scheme of the statutes requires the certificate of twelve freeholders, given on oath, of the necessity and propriety of the road applied for, before it can be laid out. That scheme looks upon the finding of that jury as final for the time, and until the road has been opened and used, and experiment made of its use and the need for it, or until some change in the circumstances which induced the action of the first jury; unless an appeal is taken therefrom. It does not contemplate a submission thereto without appeal, and before any change in the facts, an immediate calling of other twelve freeholders under the form of a discontinuance of an old road, to again examine as to the original necessity and use of the road, haply with a different conclusion. It provides for an appeal (id., p. 518, § 83, Laws of 1847, chap. 455, § 8, p. 584), and it makes

the decision upon that appeal conclusive (1 R. S., p. 519, § 89), and declares that it shall remain unaltered for a space of four years. (Laws of 1847, *supra*, § 9.) Manifestly it looks to stability in the determination of highway commissioners in the laying out of roads, and does not permit vacillation, and capricious or wilful change therein annually. Again, the old road may be discontinued when it becomes useless and unnecessary. This language implies a road for a time open to the public for its use, but by change of circumstances, and of local needs and habits of trade and intercourse, losing usefulness. It does not mean a uselessness existing at the laying out of it. That has been passed upon by a jury, and the use for it found. The same question is not to be at once submitted to another jury; ordinarily the road must be opened, and time must elapse to prove its use or the contrary. We cannot but regard the action of the appellant and the applicants to him, as an attempt to reverse the determination of the former commissioner, rather than as a movement in good faith to discontinue an old road, on account of it having become useless and unnecessary. That action was not based upon a change from the circumstances in which the road was laid out; but upon the very same facts as then existed, they asked and obtained from another jury a different certificate thereupon. We do not think that this is what the statute contemplated.

The case of *Clark* v. *The Commissioners* (1 Sup. Ct. [T. & C.], 193), cited by appellant, is not necessarily in conflict with these views. The decision is there put upon two grounds; one of which is, that though the road was never opened, it was liable to discontinuance, for the reason that by the opening of another road, the occasion for it had ceased; not that the occasion for it had never existed. We are not, therefore, called upon to say whether or not we disapprove of that case.

The appellant seems to rely upon sections 54, 55, 1 Revised Statutes, page 513, and if we understand him aright, he contends that any road, old or new, may be discontinued by the commissioner of highways, on the application of a person liable to be

assessed for highway labor, and that relief from the order of discontinuance may be had, only by appeal therefrom. It is not needed that we decide whether such is the effect of those sections. The appellant did not proceed under them alone, but under section 81 (*supra*), which we have commented upon. The fact that the relator took an appeal from the order of the appellant is not material. The order was void, for the reason that the appellant had not jurisdiction to make it; hence neither it nor the appeal from it stands in the way of this proceeding.

The order appealed from should be affirmed.

All concur, except CHURCH, Ch. J., not voting; RAPALLO, J., absent.

Order affirmed.