Learned, P. J.
This is an appeal from an order of the-special term, granting a mandamus requiring the defendant *735 to attach a certain road to a road district or to make said road into a separate road district.
The affidavit of the relator sets forth certain proceedings by which application was made in due form to the commissioner of highways to lay out the road in question. It details the proceedings and the decision finally made by the commissioner; August 31, 1885, laying out the road; the presenting by the land owners of their claims for damages for the amounts awarded them by the jury; the assessment of those sums and the payment thereof to such landowners. It recites that in 1885 the commissioner laid out money and performed labor on said highway to make it fit for travel. It avers that the defendant, the present commissioner, refuses to attach the road to any road district or to make it a separate district or to do anything requisite to make said highway fit for travel. Attached to this affidavit are copies of the proceedings in relation to the opening of this road.
The defendant states that prior to the present proceedings he had appointed overseers of the highways and made assessments for highway labor. He shows facts which tend to prove that he has no money applicable to this road.
He states that prior to the commencement of the present proceeding, a petition to discontinue the road was served on him; and pending these proceedings another : copies of both being annexed, and he intends to discontinué it.
He states facts tending to show that the road is not necessary, and will be expensive to maintain.
After the hearing of the motion for a mandamus, as appears by the opinion of the special term and by the papers, the defendant made an order discontinuing the road.
There certainly is great doubt whether the order of discontinuance, of which the learned justice states that a copy was sent him after the case had been submitted, should be considered at all. What the relator would have said in opposition, if it had been presented at the hearing, cannot now be known. The motion for a mandamus was made April twentieth. This alleged order of discontinuance is said to have been made May fourth. Plainly the question before us should be decided on the facts as they were presented at the argument. If there has been, or should be, subsequently a valid discontinuance of this road, then the attaching it to a road district will probably be of little use to any one.
A very long argument has been made as to the validity of the proceedings to open this road; but no question of that kina appears in the defendant’s affidavit. He says he is going to discontinue this road. Then there is, or was, a road which might be discontinued. His predecessor opened the road by a formal order. It does not appear that the persons whose land was taken were dissatisfied. In fact the affidavit shows that they have been paid their damages. How then does it lie with the defendant, a successor of the commissioner who laid out the road, to assert the irregu *736 larity of. proceedings taken by his predecessor and acquiesced in by those affected thereby? The assent of the persons whose land is taken is expressed by their acceptance of the damages and by their acquiesence. And even the defendant treats the road as a highway by expressing his intention to discontinue it.
If this present proceeding were against the same commissioner, who laid out the road and declared it a highway, it would be strange for him to insist on the invalidity of his own proceedings, to which those affected thereby had never ■objected. And this defendant stands in the same position with his predecessor. If any of the persons whose land was "taken had objected to the defendant’s acting in respect to this road, another question would arise. But as the case stands, we think that in this collateral proceeding we should not review the proceedings of defendant’s predecessor.
Indeed, the learned justice, in his opinion, says that no question was made by the defendant that the road was not Serly laid out and the damages properly assessed and . So that the position now taken seems to be an afterthought. We come then to that point on which the learned justice has made a most full and careful argument; the point that the alleged order of discontinuance was invalid. Now it seems to us that it is necessary to examine this point. It does not appear by the order appealed from whether or not the order of discontinuance was used on the hearing. It is not distinctly mentioned. By the date, it appears that that order was made subsequent to the argument of the motion and subsequent to the date of the order granting a mandamus. This then was a matter of which the relator had no proper notice. He had no opportunity to contradict it, or to be heard in regard to its effect.
We have examined the opinion of the learned justice, and it seems to us to be sound. The present case is much like that of People ex rel. v. Griswold Com. (67 N. Y., 59); and the views of the learned justice seem to be in harmony with that decision. It is claimed by the appellants that chapter 114, Laws of 1880, contains no provisions as to when a highway may be discontinued in the towns affected by that chapter. But that chapter excepts such town from chapter 431, Laws of 1875, which said nothing about discontinuance of highways. And it may well be said that although the mode of discontinuing roads may be changed by the act of 1880, yet the cases in which that power can be exercised remain the same. And the decision above cited shows that the power is to be exercised only in regard to old, useless and unnecessary roads. “It (the language) does not mean a uselessness existing at the laying out of it” (the road).
Were it proper to pass upon the effect of the alleged order of discontinuance, we should probably agree with the able1 opinion of the learned justice. But we think that it is *737 better to pass on the case as it stood when submitted. This indeed was the view of the learned justice.
Order affirmed, with ten dollars costs and printing disbursements.
Landon and Parker, JJ., concur.