(96 App. Div. 59.)

### In re McFADDEN.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. HIGHWAYS—LAYING OUT AND DISCONTINUANCE—APPOINTMENT OF COMMIS-
   SIONERS—DUTY OF COUNTY COURT.
       Under the Highway Law, §§ 82–84 (Laws 1890, p. 1193, c. 568), provid-
   ing that any person assessable for highway labor may apply to the com-
   missioners of highways to alter or discontinue a highway or to lay out a
   new highway, and that when the land is not dedicated for highway pur-
   poses the applicant shall, after presenting the application to the commis-
   sioners of highways by verified petition showing his right to so present
   the same, and that such application has been presented in good faith, apply
   to the County Court for the appointment of commissioners to determine
   upon the necessity of the highway proposed to be laid out or altered, or
   to the uselessness of the highway proposed to be discontinued, upon the
   presentation of which petition the County Court shall appoint three dis-
   interested freeholders as commissioners to determine such questions, it is
   the duty of the county court to appoint the commissioners where the ap-
   plication has been presented in good faith.

2. SAME.
       Under the Highway Law, §§ 82, 83 (Laws 1890, p. 1193, c. 568), providing
   that any person assessable for highway labor may make application to the
   commissioners of highways to discontinue a highway, and that, where the
   land is not dedicated for highway purposes, the applicant shall apply to
   the County Court for the appointment of commissioners to determine the
   uselessness of the highway proposed to be discontinued, application may
   be made to discontinue a highway which is useless, although such highway
   has never been opened or worked.

3. SAME—GOOD FAITH—SUFFICIENCY OF SHOWING.
       Under the Highway Law, § 83 (Laws 1890, p. 1193, c. 568), providing for
   application to the County Court for the appointment of commissioners to

¶ 2. See Highways, vol. 25, Cent. Dig. § 259.

determine the uselessness of a highway proposed to be discontinued, where it was shown that while proceedings relative to the highway proposed to be discontinued, and which had never been opened, were pending, an old highway in the same locality had been graded so as to make a better grade than that provided for in the road proposed to be discontinued, so that it would be useless, and to open it would be a needless expense, it sufficiently appeared that the application for the commission was made in good faith, and the County Court should have granted it.

Appeal from Washington County Court.

In the matter of the application of James R. McFadden to discontinue a highway in the town of Ft. Edward, Washington county, and the assessment of damages therefor. From an order of the County Court denying petitioner's application for the appointment of commissioners, petitioner appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Willard Robinson, for appellant.

John B. Conway (Fred A. Bratt, of counsel), for respondents.

PARKER, P. J. In March, 1899, upon the application of certain citizens, three commissioners were appointed by the County Court of Washington county to lay out a highway in the town of Ft. Edward, in that county, and to discontinue an old one. On the 21st of September of that year they filed a written decision laying out the proposed highway, but not discontinuing the old one. Such decision was confirmed by the County Court. An appeal was taken therefrom to this court, where such order was affirmed. Matter of Baker, 59 App. Div. 625, 69 N. Y. Supp. 1128. From such order of affirmance an appeal was taken to the Court of Appeals, where it was again affirmed. 173 N. Y. 249, 65 N. E. 1100. Such order of affirmance was duly remitted to the County Court, and on October 20, 1903, it became final.

It is claimed by the petitioner herein that the principal object of laying out such new road was to avoid the steep grade of what is known as "McFadden Hill." That the supervisor of the town, the highway commissioners, and a large number of citizens of the town were of the opinion that the grade of such hill could be cut down at a much less expense than the new road could be laid out, and that a petition of 175 citizens was addressed to the commissioners so appointed, to that effect; that such commissioners thought otherwise, however, and ultimately concluded to lay out the new road. Such road has, of course, been fully defined and laid out by the decision of the commissioners, but it has never, as yet, been opened, fenced out, or worked, nor have the damages been paid for the same. Action in opening it has been delayed by the appeals above referred to.

The proceeding now before us arises upon a petition presented by McFadden to the County Court of said county, under section 83 of the highway law, praying for the appointment of three commissioners to determine as to the "uselessness" of the new highway laid out as above stated; it being his purpose and that of the highway commissioners of the town and of its supervisor to abandon and discontinue such new road, without going to the expense of opening, grad-

ing, and paying for the same. The County Court refused to appoint such commissioners, and from such order of refusal this appeal is taken.

If the petition in this matter, which is presented under the provisions of section 83 of the highway law (Laws 1890, p. 1193, c. 568), has been presented in good faith, it would seem that it is the plain duty of the County Court to appoint the commissioners as asked for. The provisions of section 84 seem to be explicit in that respect. From the opinion of the court below, however, it seems that it refused the application on two grounds—one, that an application to discontinue a road cannot be made until it has been opened and worked; and, next, that the application was not made in good faith. There is no intrinsic difficulty in discontinuing a road that has never been opened and worked. Such a one might become useless, and, if so, clearly liable to be discontinued. Even under the Revised Statutes, where the roads to be discontinued were designated as "old roads," the inquiry really was, had it become useless? and very clearly now, under the present phrase of sections 82, 83, Laws 1890, p. 1193, c. 568, that is the sole and only consideration. Any change of conditions rendering them "useless" is as effective as if they had become so by age and use. And this principle is recognized through all the cases cited by the respondents on this appeal. See People ex rel. Miller v. Griswold, 67 N. Y. 59; Matter of Fox St., 54 App. Div. 479, 67 N. Y. Supp. 57; People ex rel. Clark v. Commissioners of Highways of Town of Reading, 1 Thomp. & C. 193. The only question, therefore, is whether the County Court was justified in refusing the commission asked for on the ground that the petitioner is not applying in good faith. It appears that during the four years while this proceeding was pending before the other commissioners or on appeal the town board of the town of Ft. Edward authorized the highway commissioners to grade down the old highway over Mc-Fadden hill. That was done so thoroughly and to such an extent that the grade is now a better one than that provided for in the new road. The rock formation which the commissioners anticipated was not found, and the old road, as it now stands, is a better and more useful one than the new one. The petitioner and the town authorities now claim that for such reason the new road has become useless. In view of the improved old road, the new one is not now needed, and, instead of expending several thousand dollars upon it, they now ask for a commission to determine whether it shall not at once be discontinued, and this useless expense be saved to the town. If their claim is correct, I see no reason why the new road may not be discontinued, and I have been unable to discover in this record any reason why an opportunity should not be given to them to establish the truth of their claim. I am of the opinion that they are in earnest in such claim, and that it is by no means so clear that they are incorrect as to warrant the court in deciding such question itself, rather than giving them a commission to determine it.

The order of the County Court should be reversed, with costs, and the prayer of the petitioner should be granted. All concur.