Russell Bennett, Esq. Town Attorney, Sand Lake
I am writing in response to your request for an Attorney General's opinion regarding the closure of town roads under section 171 of the Highway Law.
As your letter states, the highway in question is a dirt road, under 1000 feet long, which runs between two highways in the town of Sand Lake. The town is considering closing the road because it has become a nuisance in recent years, being used primarily for parking by persons loitering on and about a nearby private dam. The road became a public highway by use pursuant to section 189 of the Highway Law, which provides as follows:
 "[a]ll lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods" (Highway Law, § 189).
The Highway Law contains several provisions which govern the closing of roads: section 171 (uselessness); section 205 (abandonment); section 207 (terminus of highway); section 211-a (highways through forest lands); and section 212-a (construction of an alternate route). Section 171, dealing with closure because of uselessness, provides as follows:
 "[the] town superintendent may also, upon written application and with the written consent of the town board, make an order . . . discontinuing a highway, which has become useless since it was laid out . . . " (Highway Law, § 171[2]).
Case law indicates that the opening of a new road or other similar changes of circumstances may render a road "useless" within the meaning of the statute (People ex rel. Miller v Griswold, 67 N.Y. 59 [1876];Matter of McFadden, 96 App. Div. 58 [3d Dept, 1904]). Although section 171 is titled "Highways by Dedication", and there is a reference in the section to the highway being "laid out", in our opinion this section empowers the town to close highways created through dedication and use alike. Section 189 specifically states that a highway created by use is to be treated "with the same force and effect as if it had been duly laid out and recorded as a highway". There are no separate provisions for closure of roads established by use, further indicating that the closure provisions in section 171 apply to both types of roads. Any other conclusion would create a distinction between roads created by dedication and those created by use. Such a distinction would serve no purpose, and would be contrary to the intent of section 189 (see People ex rel. Minardv Donovan, 228 App. Div. 596, 600 [3d Dept, 1930]).
Because the town may utilize section 171 to close the road for uselessness, it is unnecessary for us to address that part of your request regarding section 273 of the Town Law.
We conclude that a public highway created by use under section 189
of the Highway Law is subject to closure for uselessness under section171 of the Highway Law.