JOHN HOREY, Respondent, v. THE VILLAGE OF HAVERSTRAW,
Appellant.

A highway, although properly laid out, if opened and worked for a part
of the distance only, as described in the survey, after the lapse of more
than six years, ceases, as to the part not opened, to be a highway for
any purpose.

It seems, the burden of showing that a portion has so ceased to be a high-
way rests upon the parties claiming it.

The requirement of the statute (1 R. S. 520, § 99, as amended by chap.
311, Laws of 1861) that a highway must be opened and worked within
six years, implies that it must be made passable as a highway for public
travel; it need not be made a first class road, or be finished, but it must
be worked sufficiently to enable the public to pass over it.

So, also, where a road has not been used and traveled as a highway for six
years and has for that period been made impassable for conveyances by
being fenced off, or by excavations therein, its legal character as a high-
way is destroyed; and this, although in the beginning of the non-user
the road was rendered impassable by a trespasser.

In an action to recover damages for injuries alleged to have been caused
by defendant's neglect to keep one of its streets in repair, it appeared
that the street in question was regularly laid out, and up to the inter-
section with another street, was opened and worked; but that the portion
where the accident happened was not worked and never had been used
as a highway, and for more than six years had been closed by a fence
across it, and there was no access thereto except from private property;
also, that it had been rendered impassable for public travel by deep

excavations therein, and that sand and clay were excavated therefrom and carried away by private parties, without hindrance from the town officials or the public. Plaintiff entered thereon from private property. *Held*, that the *locus in quo* was not a highway; and so, that plaintiff was not entitled to recover.

*Horey* v. *Village of Haverstraw* (47 Hun, 356), reversed.

(Argued December 1, 1890; decided January 22, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 15, 1888, which affirmed a judgment in favor of the plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages arising from the alleged negligence in allowing a highway, known as Warren avenue, to remain out of repair, in consequence of which plaintiff fell and broke his leg.

The facts, so far as material, are stated in the opinion.

*Calvin Frost* for appellant. The place where the plaintiff fell was not a highway, and so defendant was under no obligation to keep it in repair. (*Crane* v. *Fox*, 16 Barb. 184; *Martin* v. *People*, 23 Ill. 395; *Lyon* v. *Munson*, 2 Cow. 426; *Christy* v. *Newton*, 60 Barb. 332; *Beckwith* v. *Whalen*, 5 Lans. 376; *Vandemark* v. *Porter*, 40 Hun, 397.) The plaintiff was guilty of contributory negligence and is precluded from a recovery. (*Dygert* v. *Schenck*, 23 Wend. 446; *Van Schaick* v. *H. R., etc., Co.*, 43 N. Y. 527; *Carolus* v. *Mayor, etc.*, 6 Bosw. 15; *Durkin* v. *City of Troy*, 61 Barb. 437; *Cummins* v. *City of Syracuse*, 100 N. Y. 637; *Owen* v. *H. R. R. R. Co.*, 35 id. 518; *Hawkins* v. *Cooper*, 8 C. & P. 473; *Williams* v. *Richards*, 3 id. 81; *Barnes* v. *Cole*, 21 Wend. 188; *Hatfield* v. *Roper*, 21 id. 615; *Spencer* v. *U., etc., R. R. Co.*, 5 Barb. 338; *Harlow* v. *Humiston*, 6 Cow. 189; *Hall* v. *Smith*, 78 N. Y. 480; *Riceman* v. *Havemeyer*, 84 id. 647; *Havens* v. *E. R. Co.*, 41 id. 298; *Wilcox* v. *R., W. & O. R. R. Co.*, 39 id. 358; *Garton* v. *E. R. Co.*, 45 id. 660; *Tolman* v. *S. B. & N. Y. R. R. Co.*, 98 id. 198; *Connolly* v. *N. Y. C. R. R. Co.*, 88 id. 446;

*Gonzales* v. *N. Y. & H. R. R. Co.*, 38 id. 440.) The court erred in excluding the question which tended to show that there was another way by which plaintiff could have gone to his home, not much further. (*Carolus* v. *Mayor, etc.*, 6 Bosw. 22.) The order laying out Warren avenue was void, because it purported to lay out a highway more than four rods in width — eighty feet. (Laws of 1801, chap. 186, § 17; Laws of 1811, chap. 97, § 2; 1 R. S. 526, § 132; *Snyder* v. *Plass*, 28 N. Y. 465; *Mills* v. *O'Dell*, 98 id. 326.) There was no sufficient proof of dedication of Warren avenue to the public. (*In re Hand St.*, 52 Hun, 206; *In re Public Parks*, 53 id. 556; *Commonwealth* v. *Newbury*, 2 Pick. 57; *N. F. S. B. Co.* v. *Beekman*, 66 N. Y. 269.) There was no sufficient user to prove a public street. There was no proof of public travel more than twenty years before the trial, 1887, and the pretended laying out was 1868. (*In re Shewangunk Kill*, 100 N. Y. 642.)

*Alonzo Wheeler* for respondent. Warren avenue, the avenue in which the injury to the plaintiff occurred, was a public highway. (*Beckwith* v. *Whalen*, 65 N. Y. 332; *Ambrey* v. *Hinds*, 46 Barb. 624; *Riggs* v. *Phillips*, 103 N. Y. 77; *People* v. *Kingman*, 24 id. 560.) Defendant was chargeable with negligence. (*Todd* v. *City of Troy*, 61 N. Y. 507; *Sewell* v. *City of Cohoes*, 75 id. 45; *Russell* v. *Village of Canastota*, 98 id. 496.) The evidence presents a state of facts which clearly justified the court in submitting the question of contributory negligence to the jury. (*Thomas* v. *Mayor, etc.*, 15 Wkly. Dig. 378; *Kain* v. *Smith*, 89 N. Y. 375; *Palmer* v. *Dearing*, 93 id. 7; *Twogood* v. *Mayor, etc.*, 102 id. 216; *Shook* v. *City of Cohoes*, 23 Wkly. Dig. 4; *Bullock* v. *Mayor, etc.*, 99 N. Y. 654; *Evans* v. *City of Utica*, 69 id. 166; *Fitzgerald* v. *City of Binghamton*, 40 Hun, 332.) No question was raised upon the trial as to the original legal establishment of Warren avenue as a public highway, either by motion for nonsuit or by the requests to charge the jury, and so, such question cannot be raised here. (Baylies on N

T. & App. 275; *Wellington* v. *Morey*, 90 N. Y. 656; *Campbell* v. *Birch*, 60 id. 214; *Delaney* v. *Brett*, 51 id. 78; *Coates* v. *Bank of Emporia*, 91 id. 20.)

PARKER, J. The plaintiff alleged that his injuries were occasioned by the neglect of the defendant to keep in safe and proper condition for public travel a certain street within the corporation limits known as Warren avenue.

The defendant denies that the place where the accident occurred was, at the time of its happening, a public highway.

An order laying out Warren avenue, as such, was made and filed in 1868, but defendant asserted that easterly from a point a little west of the intersection of Rockland street it had ceased to be traveled or used as a highway for six years prior thereto, and, therefore, as provided by chapter 311 of the Laws of 1861, had ceased to be a highway for any purpose.

The question is presented on this review by exceptions taken: (1) To the charge of the court that it " never ceased to be a public highway by reason of this excavation, not for an instant." (2) To the refusal of the court to charge " that if the part of Warren avenue east of Rockland street has not been traveled or used as a highway for six years before the time of the injury, such part of the street ceased to be a public highway for any purpose, and the defendant was not bound to keep it in repair."

The introduction of evidence showing that Warren avenue had been legally laid out as a highway, raised the presumption of its continuance as such. The burden of establishing that a portion of it had ceased to be a highway, therefore, rested upon the defendant. It is conceded that from a point a little west of Rockland street to Broadway it still remains a public street, but that from such point easterly towards the Hudson, the defendant asserts it had ceased to be such before the plaintiff was injured. It does not follow that because a portion of that which was originally laid out as a continuous highway remains such that all of it does. If a part of it cease to be traveled and used for a period of six years, the public in the meantime

using some other route, such part is no longer a highway.
(*Lyon* v. *Munson*, 2 Cowen, 426.)  A highway opened and
worked for a part of the distance only, as described in the sur-
vey, but not on a particular portion thereof until after the
lapse of more than six years, ceases, as to such part, to be a
highway for any purpose.  (*Christy* v. *Newton*, 60 Barb. 332.)
The statute which provides that "all highways that have
ceased to be traveled or used as highways for six years, shall
cease to be a highway for any purpose," also provides that
"every highway hereafter to be laid out that shall not be
opened and worked within a like period (six years), shall cease
to be a road for any purpose whatever."

The provision last referred to was before this court in *Beck-
with* v. *Whalen* (70 N. Y. 430).  It appeared that the high-
way as laid out had been worked to some extent down to a
raceway which was twice bridged and some other work done,
but that over a marsh about 200 feet in all no attempt had
been made to render the road passable for teams and wagons.
The court said : " Highways are for public use to enable the
public to pass and repass with teams and vehicles, such as are
ordinarily used ; and when a highway laid out shall remain
unopened and unworked for six years, the statute declares that
it shall cease to be a highway for any purpose.   The require-
ment to open and work a highway, implies that it must be
made passable as a highway for public travel.   It need not be
a first-class road, it need not be finished, but it must be suffi-
cient to enable the public to pass over it."

While the court, in the case from which we have quoted,
did not have under consideration the provision declaring that
failure to use a highway for six years shall operate to destroy
it, it did have before it that portion of the same section which
declares that a failure to open and work a highway within six
years after its laying out shall have the same effect.   Its deci-
sion, therefore, seems to make clear not only the general pur-
pose, but the scope of the entire statute.

As a road is declared not to be opened and worked, within
the meaning of the statute, which is not made passable for

teams within six years, so a road which for six years is not only not used and traveled, but is impassable for conveyances of any kind, is fenced off and the public travel by another route, presents a situation upon which the statute must operate to destroy its legal character as a highway. And it matters not that at the beginning the road was rendered impassable and fenced off by a trespasser. Indeed, such must always be the case, unless it be done by the public authorities. The public can be protected by the highway officials whose duty it is to see to it that all public highways are kept in proper condition for public travel. They are not only charged with a duty to do so, but are provided with the legal machinery necessary to prevent trespassers from doing damage to highways, and the means necessary to restore them to a safe and passable condition for travel after injury done. And if they neglect this duty or refuse to perform it for a period of six years and the traveling public acquiesce, so that in all that time no one can or does make use of the highway, it ceases to be such.

This question was not before the court in *Driggs* v. *Phillips* (103 N. Y. 77). It was not suggested in that case that the highway had ceased to be such because of non-user, and an obstruction to travel for six years. Plaintiff encroached upon, but did not obstruct the highway. Non-user did not result from this act. And the attention of the court was not even called to the statute which the defendants rely upon here.

The accident to the plaintiff occurred September 26, 1886, within the boundaries of a highway laid out in 1868, known as Warren avenue. At that time it extended from Broadway easterly towards the Hudson river. But at the time of the accident the road was only open and used from Broadway east to a point about 210 feet west of Rockland street, which intersected with Warren avenue from the south. There a fence was maintained across Warren avenue, and the public drove either in a southerly or northerly direction over roads which were not laid out as highways, but which they were accustomed to use. From near the fence crossing the avenue easterly past the place of the accident and for its entire length, the evidence

shows that at the time of the accident this highway was impass-
able, not alone because of the fence (which had been erected
as a guard to the public), but because of excavations which
had been made in securing material for the manufacture of
brick.   In this immediate vicinity it appears that below the
surface there is about twenty feet of sand, and then is reached
a bed of clay.   Now, from the fence east until within forty
feet of the place of injury, the sand had been removed, and,
still below it the clay had been excavated to a depth of about
thirty feet, making a total depth, from the original surface of
the road, of about fifty feet.   At the point where plaintiff
entered from private property within the boundaries of Warren
avenue (so called) the sand had been removed, so that he was
twenty feet below the original surface of the road.   West-
wardly for about forty feet was a bench of clay twelve feet
lower still, and then was reached the line of excavation of the
depth of fifty feet already referred to.   Plaintiff fell from the
level upon which he entered the avenue to the bench of clay
twelve feet below.

In addition to a description of the condition of that which
had once been laid out and used as a highway to which we
have but briefly alluded, the defendant offered evidence tend-
ing to show that it was impassable for teams and had been for
a period of more than six years before the injury.

Leavilette Wilson, a surveyor, sworn in behalf of the plaintiff,
testified in effect, that while the highway was laid out in 1868,
it was never opened and worked as a public street.   That in
1875, nearly eleven years before the accident, a fence was
built partly across Warren avenue, but a little further east
than its present location, and that from some time in that year
the street was dug away; that from 1879, the whole of the
street had been excavated so that it could not be entered from
Rockland street at all.   The plaintiff attempted to show that
as late as the year 1883 teams were driven upon the highway
at the point in question.   Defendant's witness VanValen, who
was for a number of years president of the village, testified
that not in eight or ten years has there been a place east of

the fence across the street where a person could drive upon Warren avenue, except from private property.

We need not consider further the evidence presented by this record, for we have already gone far enough to make it appear that if the jury believed the evidence most favorable to the defendant they could have found that for more than six years previous to September 26, 1886, from the fence across Warren avenue, to the extreme easterly end thereof as originally laid out, it was impassable for teams and vehicles, that it was not traveled or used by anyone for highway purposes during that period, but was fenced off and the sand and clay excavated and carried away by private parties without hindrance by the town officials or the public.

Had they found such to be the fact *the defendant would have been entitled to a verdict on the ground that the *locus in quo* was not a public highway, and, therefore, the defendant did not owe to the plaintiff the duty of keeping it in repair.

The judgment should be reversed.

All concur.

Judgment reversed.