MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment of County Court reversed, with costs.

---

ABRAM SCHERMERHORN, as Commissioner of Highways of the Town of Wilton, Appellant, *v.* THE MOUNT McGREGOR RAILROAD COMPANY, and FRANK JONES, Receiver, Respondents.

*Highway changed on construction of a railroad across it — railroad not compelled to restore the abandoned highway.*

In an action brought by a town highway commissioner to compel a railroad company to restore a highway crossed by the railroad to its former condition, there was nothing in the pleadings or evidence to show whether the railroad company did or did not procure the permission of the Supreme Court to use or cross the highway.

*Held,* that in the absence of any admission or evidence of the fact that such permission was not granted, the court would not infer that the railroad company proceeded in violation of law, but rather that the law had been complied with.

In such an action, commenced in 1892, it appeared that the railroad company in constructing its track in 1881, had changed the location of the highway sought

to be restored, and had laid out a new one in its place, which had been used without objection, and that the old highway had not been used since then.

*Held,* that the old highway, not having been used or worked for more than six years, had ceased to be a highway;

That the court would not, in this proceeding, reopen it as a highway;

That, as the new road had been used and worked so long, and its location had been acquiesced in, the court was not called upon at this late date to make any change in its location or construction.

APPEAL by the plaintiff, Abram Schermerhorn, as commissioner of highways of the town of Wilton in the county of Saratoga, from a judgment of the Supreme Court in favor of the defendants dismissing the complaint, entered in the office of the clerk of Saratoga county on the 29th day of November, 1892, upon the decision of the court rendered after a trial at the Saratoga Special Term.

The action was commenced in July, 1892. The complaint alleged that the railroad of the defendant company crossed a certain highway in the town of Wilton leading from Doe's Corners to the town of Corinth; that " at the point where the said railroad crosses the said highway at the second crossing thereof from said Doe's Corners the said company constructed its railroad over said highway in such a manner and left said highway in such a condition as to render travel thereon over said railroad dangerous and inconvenient, and the said corporation did not restore said highway in such locality to its former state, or to such state as to not necessarily impair its usefulness as a public highway, and the same has, never been restored, and the said crossing of said railroad over such highway was left by said company, ever since has been, and now is, in a condition dangerous to public travel, inconvenient and almost impassable."

The complaint demanded judgment against the defendants that " they forthwith restore said highway at the point designated to its former state, or to such state as not unnecessarily to impair its usefulness at this point; and that a mandatory injunction issue out of this court directing them to do so, or in case of their failure so to do, that they be perpetually enjoined from using the said railroad, or exercising any control over the same at the point specified, and for such other and further relief in the premises as may be just and equitable."

The evidence on the trial showed that the railroad was constructed in 1881, and that a portion of the highway was then changed and a

new route laid out across the railroad. The contention of the plaintiff was that the railroad company was bound to restore the old highway, and to make a highway crossing at the point where the railroad crossed the old highway, and that the railroad company had no right to change the location of the highway, but should have left the highway crossing at the same point it was prior to the building of the railroad, and have constructed its road so as to pass over the highway at that point.

It appeared that the route of the new portion of the highway was somewhat shorter than the old portion, which had been abandoned and not used since the construction of the railroad, and that the new route had been used since that time, and that no objection had been made thereto, until within a year or two before the trial.

*W. B. French*, for the appellant.

*C. H. Sturges*, for the respondents.

HERRICK, J.:

There is nothing in the pleadings or in the evidence to show whether the railroad company did or did not procure the permission of the Supreme Court to use or cross the highway in question, and in the absence of any admission or evidence of the fact that such permission was not granted, the court will not infer that the railroad company proceeded in violation of the law, but rather that the law has been complied with.

The old highway not having been used or worked for more than six years has ceased to be a highway. (*Horey* v. *The Village of Haverstraw*, 124 N. Y. 273.) And the court cannot in these proceedings reopen it as a highway. The new road laid out in place of the old has been used and worked for so long, and its location acquiesced in for so many years by the town and highway authorities, that I do not see that the court should be called upon at this late day to make any change in its location or construction.

The opinion of the trial court seems to me entirely satisfactory and its disposition of the case correct.

Judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.