DEBORAH L. MANGAM, Respondent, v. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF SING SING, Appellant.

*Ejectment — evidence — acts of ownership by village trustees.*

Where, in an action brought to recover the possession of lands, the answer alleges that for upwards of forty years past the premises in question had been in the possession of the defendant, a village, and in use as a public square and street, the defendant has a right to prove acts of ownership upon the part of the village trustees.

The construction of a reservoir upon the land, its inclosure by posts and chains, the maintenance of these as a fence, the use of the land for public meetings, and generally all acts done by the village trustees in reference to the land as public property, are competent as showing its character and in rebuttal of the plaintiff's claim.

APPEAL by the defendant, The President and Trustees of the Village of Sing Sing, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 31st day of March, 1894, upon the decision of the court rendered after a trial by the court without a jury at the Westchester Circuit.

*John Gibney* and *Smith Lent,* for the appellant.

*Nelson H. Baker* and *Frederick S. Parker,* for the respondent.

BROWN, P. J.:

This was an ejectment action to recover possession of a triangular piece of land in the village of Sing Sing used as a part of a public square.

The land lies at the intersection of Highland avenue and Main street.

The plaintiff founds her title upon a deed from Francis Larkin and others to Daniel D. Mangam, her husband, dated March 1, 1867. The complaint alleged that plaintiff was in possession of the land in dispute on September 29, 1886, and the court found that fact. The proof does not, however, show an actual possession and occupation of the land by the plaintiff or her husband at that or any other date. At the time of the deed to Daniel Mangam the lot was inclosed by posts and a chain, but this fence had been erected by the village trustees, and beyond replacing a few of the posts and repairing the chain there were no acts of ownership over the land shown to have been exercised by the plaintiff or her husband. There was not, therefore, such a possession as the law requires upon which to found an action of ejectment, and if the plaintiff is entitled to recover she must do so upon her legal title.

The deed from Larkin to Mangam bounded the land conveyed as follows: "Easterly by the Highland Turnpike road; northerly and northwesterly by a road leading from the Highland Turnpike road to the Farmers' Landing; southerly by the churchyard or land of the First Baptist Church of Mount Pleasant."

It is the plaintiff's claim that the above description bounds a triangular piece of land and that the lot in dispute is at the apex of the triangle.

The Highland turnpike road is now known as Highland avenue and the other road is Main street. It is the defendant's contention that the lot in dispute is not included in the description of the Larkin deed, but that originally it was a part of Main street and at a later date a part of a public square, and to substantiate this claim testimony was given tending to show that Main street, which now runs substantially in a straight course until its westerly side intersects the west·side of Highland avenue, originally curved abruptly to the east at a point now represented by the corner of the house on plaintiff's lot, which was formerly called the Eagle Hotel, and ran immediately in front of that building until it intersected Highland turnpike, and that the building that stood on the west side of Main street, referred to in the testimony as the Ward house, was subsequently moved back and the west side of Main street straightened to run upon substantially its present line. That after that change was made all the space between the Eagle Hotel and the west side of Main street was used as an open square and controlled, worked and improved by the village. All this was claimed to have occurred long prior to the deed from Larkin to Daniel Mangam.

The defendant offered oral and documentary evidence of acts of ownership by the trustees of the village prior to 1867, over and in relation to this square, including the land in question, all of which was excluded upon the plaintiff's objection.

We are of the opinion that this evidence was admissible and its exclusion error, for which there must be a new trial.

The answer alleged that for upwards of forty years past the land had been in possession of the defendant and in use as a public square and street by the people of the village, and just as it would have been competent to show a use by the public of the land in dispute as a street or highway, so it was competent to show the acts of the public authorities in relation to its control and use as a public square. The construction of a reservoir thereon, its inclosure by posts and chain, the maintenance of these as a fence, the use of the land for public meetings, and generally all acts done by the trustees in reference to it as public property, were admissible as showing its character and contradicting the plaintiff's claim and assertion of private use and ownership.

There was very much testimony in the case tending to favor the

conclusion that Main street originally ran directly in front of the building on the plaintiff's lot, and if it had appeared that, after the change in the line of that street, the intervening space had always been used as a public street or square and controlled by the village trustees a different result might have been reached.

The judgment must be reversed and a new trial granted, with costs to abide the event.

CULLEN, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.