{26 App. Div. 464.)

MANGAM v. PRESIDENT, ETC., OF VILLAGE OF SING SING.

(Supreme Court, Appellate Division, Second Department.   March 15, 1898.)

1. DEED—DESCRIPTION—PRESUMPTIONS.
 Where a deed describes the land conveyed as bounded by a highway, the presumption is that the title to the land, to the middle of the highway, is in the grantee, subject only to the public easement.

2. HIGHWAY—ABANDONMENT.
 The mere fact that portions of a highway, along its sides, are not subject to passage of vehicles, during a period of six years, does not constitute an abandonment of such portions as a part of the highway. 1 Rev. St. p. 520, § 99, as amended by Laws 1861, c. 311.

3. SAME.
 Unauthorized structures placed at times by a village in a portion of a highway, which continued in use as such, do not destroy the public easement or constitute an abandonment in favor of an abutting owner.

Appeal from trial term.

Action by Deborah L. Mangam against the president and trustees of the village of Sing Sing. From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herman Aaron and John Hill Morgan, for appellant.
Smith Lent, for respondent.

CULLEN, J.   This action has already been before us on two previous appeals.   86 Hun, 604, 33 N. Y. Supp. 843; 11 App. Div. 212, 42 N. Y. Supp. 950.   In the reports of those appeals is to be found a full statement of the facts of the case, the evidence as to which has not varied in substance on the several trials.   On the last appeal a judgment recovered by the defendant was reversed for error of the trial court in charging that the statute relating to the abandonment of a highway had no application to the case.   On the trial, from the judg-

ment entered on which the present appeal is taken, the question of the abandonment of a highway was submitted to the jury, in accordance with the view previously expressed by this division of the court, and a verdict rendered in favor of the defendant. The only question that now requires examination or discussion is whether, on the undisputed evidence in the case, the part of the highway covering the locus in quo had been abandoned, so that the public easement of passage over it was terminated. According to the contention of the defendant, the highway ran immediately in front of the plaintiff's buildings. If this portion of the highway had ceased to be used as such, the soil would revert to the original owner, free from the public easement. Presumably the title to the land in the highway is in the adjacent owner, and there was nothing in the chain of plaintiff's title to take this case without the rule. The plaintiff requested the court to charge, "If the jury believe the old road existed as claimed by the defendants, they must find that it was abandoned"; and also, "The jury must in any event find a verdict in favor of the plaintiff for at least such portion of the formerly existing triangular piece of land as extends northwardly to the center line of the old highway." These requests were refused, to which refusal the appellant properly excepted. These exceptions bring before us the question already stated. It is certain on the evidence that at some period prior to the commencement of the present action the defendant had surrounded the sharp point of the triangle by a post and chain fence; for what exact period is not certain. The fence was not taken away at any particular time, but was allowed to gradually go into decay, and fall down or be broken down. Between this plot thus fenced in and the line of the plaintiff's buildings there was at all times a sidewalk for foot passengers from one street over to the other, or at least the jury might have so found from the evidence. The appellant's contention is that this walk for pedestrians was not sufficient to take the case without the statute concerning the abandonment of highways, and that the locus in quo must at all times be subject to passage by vehicles, or it ceases to be a highway. To this proposition we do not assent. We know of no provision of law which requires the whole width of a highway to be rendered traversable by teams or vehicles, or provides that such parts as are not used by teams and wagons shall be considered abandoned. 2 Rev. St. (6th Ed.) p. 163, § 160, provides that:

"Every public highway and private road already laid out and dedicated to the use of the public, that shall not have been opened and worked within six years from the time of its being so laid out, and every such highway hereafter to be laid out, that shall not be opened and worked within the like period, shall cease to be a road for any purpose whatever."

Under this statute it has been held that when a highway, or any portion of it, has ceased to be passable by vehicles, the highway ceased. Horey v. Village of Haverstraw, 124 N. Y. 273, 26 N. E. 532; Excelsior Brick Co. v. Village of Haverstraw, 142 N. Y. 146, 36 N. E. 819. But in both these cases they were longitudinal portions of the highway that had ceased to be passable; that is to say, that for some distance along the line of the highway the highway for its whole width had ceased to be passable, or used by the public. I know of no case where

a part of the breadth of the highway was not traversable or used by the public, in which it has been held that such portion of the highway was abandoned, and the public easement lost.   On the contrary, the law is the reverse.   No encroachment on a highway, whether maintained for six or for twenty years, destroys the public easement.   In Driggs v. Phillips, 103 N. Y. 77, 8 N. E. 514, the evidence tended to show that the plaintiff had occupied a portion of the highway with his building for over twenty years.   It was held that there was no nonuser of the highway; that the defendant's occupation was a mere obstruction and nuisance,—a prescriptive right, for which he could gain by no lapse of time.   The cases of Horey v. Village of Haverstraw and Excelsior Brick Co. v. Village of Haverstraw, supra, in no respect overrule this decision.   If the plaintiff's contention were sound, it would lead to most remarkable results.   In most villages, and in other densely-settled parts of the country, the central part of the highway is reserved for vehicles, and spaces on the side for walks for pedestrians, or "sidewalks," as they are called.   Not only are these sidewalks not suitable for the passage of vehicles, but generally vehicles are forbidden to traverse them.   Further, it is customary in many villages and cities to allow the abutting owner to inclose a portion of the highway adjacent to his building as a dooryard or an area way.   It has never been imagined that the effect of this mode of regulating or improving the highway, or these privileges granted to abutting owners, effected any abandonment of the highway, or loss of the public easement.   In Beckwith v. Whalen, 70 N. Y. 430, it is said:

"A highway cannot be said to be opened and worked unless it is passable for its entire length. It must be opened as a highway over its entire route. It need not be worked in every part, but it must be worked sufficiently to be passable for public travel."

But there is not an intimation to be found anywhere that a highway must be worked for its full width.   It may be confidently asserted that such is rarely, if ever, the practice.   In People v. Fowler, a case of an alleged encroachment on a highway, at the Rockland oyer and terminer, the court was asked to charge the jury that if for the last twenty years the highway, as used, had been outside of where the fence was, there was no encroachment, and also that the part of the highway lying east of the fence, not having been used or traveled as a highway by the public for more than six years, had ceased to be a highway for any purpose.   Both these requests were refused.   The court instructed the jury that no lapse of time could justify or legalize the encroachment.   The conviction was affirmed by the court of appeals. 139 N. Y. 621, 35 N. E. 205.   Though, as already stated, the statute contemplates a case of the nonuser of a part of the route of the highway, as distinguished from a part of its width, we do not say that there might not be a lateral change or abandonment of the highway that would fall within its terms.   A highway might be shifted to the side in such a manner and to such an extent as to leave a part of the old location abandoned.   Such, indeed, is the effect of our previous decision in this case.   But we held that the abandonment was a question of fact for the jury.   From the evidence the jury might find that there had been public travel at all times by pedestrians, and for the major-

part of the time by vehicles, over the land in dispute. From such evidence they could find that there had been no nonuser or abandonment of the highway, and in that event the unauthorized structures placed at times by the defendants in parts of the highway were mere obstructions, which could no more destroy the public easement than if the same acts had been committed by the appellant.

The judgment and order appealed from should be affirmed, with costs. All concur.