(110 App. Div. 371.)

### In re LEVERANT et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. CERTIORARI—NATURE AND SCOPE OF REMEDY.

The function of the writ of certiorari is to review the determination of inferior courts or officers exercising judicial powers.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Certiorari, § 1.]

2. SAME—ACTS OF PUBLIC OFFICERS—MINISTERIAL ACTS.

Under Laws 1905, p. 1862, c. 697, the superintendent of buildings is to inspect and make a report as to whether premises described comply with the local laws of the city of New York in relation to hotels, and no notice is required to be given, no hearing had, and no evidence taken. If he reports to the state deputy commissioner of excise that the building does not comply with the local laws in relation to hotels, the statute directs such deputy commissioner to cancel and revoke the liquor tax certificate. Held, that there is nothing in such proceeding that involves a judicial act, nothing even resting in the discretion of the officer, and therefore his act cannot be reviewed by certiorari.

Patterson, J., dissenting, and Laughlin. J., dissenting in part.

Certiorari by Nathan Leverant to review the action of the special deputy commissioner of excise in revoking a liquor tax, and of Isaac A. Hopper, as superintendent of buildings of the boroughs of Manhattan and the Bronx. Writ dismissed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Charles Mackenzie, for appellant.

Herbert H. Kellogg, for respondent special deputy excise commissioner.

Theodore Connolly, for respondent Hopper.

INGRAHAM, J. We think this proceeding must be dismissed, upon the ground that the act sought to be reviewed was not a judicial act which could be reviewed by certiorari. The function of the writ of certiorari is to review a determination of an inferior court, or officers exercising judicial powers. In People ex rel. Corwin v. Walter, 68 N. Y. 403, Judge Allen in delivering the opinion of the court said:

"The writ lies only to inferior courts and officers exercising judicial powers affecting the property or rights of the citizen, and is directed to the court, magistrate, or board, exercising such powers, requiring them to send into the Supreme Court from which the writ issues the proceedings in a cause or matter already terminated."

In People ex rel. Second Avenue R. R. Co. v. Board of Com'rs, 97 N. Y. 37, the relator sought to review the action of the department of public parks in the city of New York in consenting to the construction of an elevated bridge across the Harlem river at the end of Second avenue. In that case the court says:

"It is difficult to conceive in what respect the respondents acted judicially in giving their consent to the erection of the bridge in question, or in making the contract with the Surburban Rapid Transit Company. If they had the power claimed, to give the permission and enter into the contract, they acted as public agents, in the exercise of delegated public governmental powers, and their action was not subject to review on certiorari. A common-law certiorari lies only to inferior tribunals, or officers exercising judicial powers, to correct the errors of law affecting materially the rights of parties. The fact that a public agent exercises judgment and discretion in the performance of his duties does not make his action or powers judicial in their character."

In People ex rel. Trustees of Village of Jamaica v. Board of Supervisors of Queens County, 131 N. Y. 468, 30 N. E. 488, it was held that the action of the board of supervisors in issuing bonds for public improvements was purely legislative and that the court had no jurisdiction to review it on certiorari. The court said that the action of a public officer, or of a public body, is merely legislative, executive, or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari. In People ex rel. Van Sickle v. Austin, 20 App. Div. 1, 46 N. Y. Supp. 526, the Appellate Division in the Second Department held that the function of an election board of a town in receiving votes and announcing the result is not judicial, and cannot therefore be reviewed by the writ of certiorari.

Neither the act of the state deputy commissioner of excise nor of the superintendent of buildings of the city of New York was in its nature judicial or had any relation to judicial functions. Under the act the superintendent of buildings was to inspect and make a report as to whether the premises described complied with local laws of the city of New York in relation to hotels. This was purely an administrative function and not in its nature judicial; no notice was required to be given, no hearing had, no evidence taken, and

97 N.Y.S.—18

nothing involving the nature of a judicial proceeding. If the superintendent of buildings reported to the state deputy commissioner of excise that the building did not comply with the local laws of the city of New York in relation to hotels, the statute directed the state deputy commissioner of excise to cancel and revoke the liquor tax certificate. There was nothing in this proceeding that involved a judicial act, nothing even resting in his discretion, as the command of the Legisature was imperative.

There being no proceeding that could be reviewed by this writ, the writ must be dismissed, with $50 costs and disbursements.

O'BRIEN, P. J., and CLARKE, J., concur. PATTERSON, J., dissents.

LAUGHLIN, J. I concur in the result, but upon the ground that the statute is constitutional. If it were unconstitutional, I think there would be a remedy by certiorari. I know of no other way to correct the record and restore the liquor tax certificate and preserve the licensee's right to sell liquor in the meantime, and to obtain a rebate if he should desire to surrender the certificate.