(128 App. Div. 44.)

·PEOPLE ex rel. WASHBURN v. COMMON COUNCIL, ETC., OF CITY OF GLOVERSVILLE.

(Supreme Court, Appellate Division, Third Department. September 17, 1908.)

1. EMINENT DOMAIN—ACQUISITION OF LAND FOR STREETS—DAMAGES.

An owner placed his house so near to the street line, as shown by a map previously filed in the county clerk's office, that the porch encroached on the street. Subsequently the municipality sought to take a strip to widen the street, and thereby brought the new street line within 2½ feet of the house at a point where the old street line was 4½ feet away. *Held*, that the expense of moving the entire house could not be included in awarding damages for the taking.

2. DEDICATION—STREETS—ACCEPTANCE BY PUBLIC.

A public street cannot be created by mere dedication; but there must be something amounting to an acceptance thereof, either by the public authorities or directly by the public.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Dedication, § 64.]

3. SAME.

Where, for a number of years subsequent to the filing of a map of a tract divided into lots and streets, there was no official acceptance of a street, and it was practically impassable in places for teams at least, and was used but little, there was no acquisition by the public of the street as such.

4. EASEMENTS—WAY OF NECESSITY—ACQUISITION.

Where lots, described as bounded on a street as shown by a map of a tract divided into lots and streets, are sold, the purchasers acquire a right of way over the land described as a street, especially where a lot has no means of approach, except by such street.

5. SAME—ABANDONMENT—NONUSER.

A private easement is not lost by mere nonuser, no matter for how long a time, and can be cut off only by abandonment or by a prescriptive right in another.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Easements, § 77.]

6. SAME.

The fact that a street was practically impassable and was but little used did not show an abandonment by the abutting owner of his right of way therein, acquired by a conveyance of lots described as bounded on the street.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Easements, § 77.]

7. SAME—ADVERSE POSSESSION.

A deed conveyed land to the north of a street, without mentioning the street, but referring to a map dividing a tract into lots and streets, showing the street in question. A quitclaim deed conveyed to the same grantee practically all of the street immediately adjoining. The grantee for 18 years maintained a lawn on part of the street and a stone sidewalk over it; but he did not claim an absolute fee in the street, nor did he prevent all use by others, and during the period there was a more or less intermittent use by others. *Held*, that the grantee did not acquire a prescriptive right to the street.

8. EMINENT DOMAIN—ACQUISITION OF LAND FOR STREETS—DAMAGES.

Where land burdened with private easements of right of way is taken by the public for street purposes, by taking a public right of way, without taking the fee, only nominal damages can be allowed.

9. SAME—STATUTES—CONSTRUCTION.

A statute authorizing the taking of lands for a public use is strictly construed, and no greater interest is to be taken than is necessary for the purposes intended to be accomplished thereby.

10. SAME—TITLE ACQUIRED.

Where land is taken for highway purposes, a general easement of passage is all that is necessary, and title conveyed by eminent domain proceedings for highway purposes is, in the absence of expressions unequivocally directing the taking of a larger estate, limited to a general easement of passage, and the fee will not be disturbed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 836.]

Kellogg, J., dissenting.

Certiorari by the people, on the relation of Malvina Washburn, against the common council of the city of Gloversville and others, to review proceedings relating to laying out, widening, and extending a street in the city. Award and determination of commissioners sustained.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

H. D. Wright, for relator.
W. A. McDonald, for respondents.

SMITH, P. J. In these proceedings commissioners to ascertain and assess damages were duly appointed by the county judge of Fulton county pursuant to the city charter. They conducted hearings and viewed the premises, and finally made a report allowing relator, among others, certain sums for damages to her premises, which amounts she now complains of as inadequate.

The first part of the award in question allows relator the sum of $409.34 for damages on account of the taking by the city of a wedge-shaped strip of land south of her residence 4½ feet wide on its west end, bounded by North Main street, and running east 72· feet to a point. The taking.of this strip of land for street purposes would necessitate the cutting away of a portion of relator's porch, which also encroached upon the old street hereinafter referred to, and would bring the new street line within about 2½ feet of the house at a point where the old street line was about 2 feet further south. The evidence taken as to the damages sustained shows the usual extremes peculiar to this class of cases; but we are unable to say that the finding of the commissioners was erroneous. The house was originally placed very near to the old street line, as then laid out under the name of Prospect avenue on a map of the tract filed in the county clerk's office in 1871, some 18 years before the house was built. It was presumably so placed in full knowledge of any possible disadvantages arising from such location, so that it does not seem reasonable now to include as damages sustained by taking this narrow strip of land the expense of moving the entire house to the northward, as was done by relator's witnesses in their estimates of the damages.

The. main contention, however, arises from the second part of the award, which is as follows:

"We also award to Malvina Washburn for damages to her property in the city of Gloversville, N. Y., by which proposed improvement a strip of land 40 feet in width on the east side of North Main street, 273.5 feet in length, and 30 feet in width on the east end thereof, is taken, which said strip of land is a part of the premises described in petitioner's Exhibit V, which said premises, viz., that described in petitioner's Exhibit V, was, at and before the commencement of this proceeding, subject to an easement of right of way over the entire extent thereof, after making due allowance for any benefits said owner may derive therefrom, $30.00."

It appears that relator's title to the premises affected by these proceedings came to her by a warranty deed from her husband, James H. Washburn, in 1904, and his title rested upon two separate conveyances, executed, acknowledged, and recorded in 1887 and upon the same days. One of these is a warranty deed conveying premises to the north of and bounded on the south by a line which is the line of Prospect avenue heretofore referred to; no street or avenue being mentioned, however, in such deed, but reference being expressly made to the aforesaid map on file in the clerk's office, upon which map said avenue is clearly shown. The other conveyance is a quitclaim deed covering practically all of said avenue immediately adjoining on the south the premises conveyed by said warranty deed, also without referring to any street or avenue, but expressly referring to the said map. This map covered a 5-acre tract, which was subdivided into lots about 1870. It is referred to a number of times in subsequent deeds of lots, and Prospect avenue is frequently mentioned by name as a boundary in deeds of varying dates between the years 1871 and 1887; two of such deeds, and by Washburn's grantors, having been executed and recorded in 1886, only the year before the two deeds to him.

Whether or not there was in these deeds to Washburn an express purpose to ignore any reference to Prospect avenue as laid out on this map, it seems clear that the facts shown constituted a dedication to the public of this particular amount of land for street purposes. But a public street or highway cannot be created by mere dedication. There must also be something amounting to an acceptance of the street as such, either by the constituted public authorities or directly by the public. The city authorities here took no steps to accept for the public this tract of land, and there was no use of the street by the public amounting to a general user for highway purposes. For a number of years subsequent to the filing of the map Prospect avenue seems to have been practically impassable in places, for teams at least, and accordingly to have been used but little. The public, therefore, under the cases, must be deemed to have now no right or interest whatever in this street as such. People v. Underhill et al., 144 N. Y. 316, 39 N. E. 333; City of Cohoes v. D. & H. C. Co., 134 N. Y. 397, 31 N. E. 887; Highway Law, § 99; Horey v. Village of Haverstraw, 124 N. Y. 273, 26 N. E. 532; Mangam v. Village of Sing Sing, 11 App. Div. 212, 42 N. Y. Supp. 950.

The question then arises as to whether there were outstanding at the time these proceedings were begun any private rights or easements in any way affecting the land described as Prospect avenue. As stated, a number of lots described as bounding on this avenue have been sold, and it seems well settled that such a description gives to the

purchaser a right of way over the land described as a street or highway; and especially must this be so when, as in the case of one or more of the lots of this tract, a lot sold has no means of approach, except by the street mentioned. See Village of Olean v. Steyner et al., 135 N. Y. 341, 32 N. E. 9, 17 L. R. A. 640; Haight v. Littlefield, 147 N. Y. 338, 41 N. E. 696; Lord v. Atkins et al., 138 N. Y. 184, 33 N. E. 1035; Matter of Fox Street, 54 App. Div. 479, 67 N. Y. Supp. 57. Persons buying lots laid out on a filed map showing a street, and described in the deeds of conveyance as bounded upon such street, obviously do so with the reasonable expectation that the street may always be used by them in all respects as such, whether the public then has or thereafter may acquire similar rights therein or not; and it would be clearly conducive to fraud if their grantor could subsequently exclude them from such street, either directly or by deeding the fee of the street to another. Furthermore, a private easement is not lost by mere nonuser, no matter for how long a time, but can be cut off only by abandonment or by a prescriptive right in another, neither of which is shown in these proceedings. Welsh v. Taylor, 134 N. Y. 450, 21 N. E. 896, 18 L. R. A. 535; Lewisohn v. Lansing Co., 119 App. Div. 393, 104 N. Y. Supp. 543. No direct evidence as to abandonment appears, and the mere fact that this street was practically impassable and but little used would not of itself warrant a finding of abandonment on the part of any abutting owner having a right of way therein. Nor are any facts shown sufficient to establish a prescriptive right as against such an easement. It appears that Washburn has built a curb and stone sidewalk along the western and North Main street end of that portion of Prospect avenue which he acquired by quitclaim deed, and that for 18 years past he has maintained a lawn upon part of this avenue; but it nowhere appears that even for this length of time, which, being under 20 years, would, of course, give rise to no rights by prescription, he has prevented all use by others of this avenue, or has claimed an absolute fee therein under his quitclaim deed. During this period there has been a more or less intermittent use of this street by others, which, although not amounting to a public user, would be sufficient to prevent the running of any prescriptive right to close this street as against private individuals having easements therein. The present proceedings were, moreover, instituted within 20 years of the date of the two deeds to Washburn.

There remains the question as to the amount of damages allowable when property affected with private easements of right of way is taken by the public for street purposes; that is, when the burden of private rights of way already borne by the land is changed or extended to that of a public right of way. The rule in such case seems to be that only nominal damages are allowable. City of Buffalo v. Pratt et al., 131 N. Y. 293, 30 N. E. 233, 15 L. R. A. 413, 27 Am. St. Rep. 592; Village of Olean v. Steyner et al., 135 N. Y. 341, 346, 347, 32 N. E. 9, 17 L. R. A. 640; Matter of Extension of Ethel Street, 3 Misc. Rep. 403, 404, 406, 24 N. Y. Supp. 689; Matter of Adams, 141 N. Y. 297, 300, 301, 36 N. E. 318; Matter of One Hundredth and Sixteenth St.,

1 App. Div. 436, 445, 37 N. Y. Supp. 508; Matter of Fox Street, 54 App. Div. 479, 487, 67 N. Y. Supp. 57.

But relator claims that by virtue of these proceedings the public obtained title in fee, and not merely an easement in the land for highway purposes. Chapter 102 of the city charter provides for the opening of streets, and gives the common council power "to take and appropriate the land necessary" for street extensions. The general principle is that a statute authorizing the taking of lands is to be strictly construed, and that no greater interest or quantum of title is to be taken than is necessary for the purposes intended to be accomplished thereby. In the case of land taken for highway purposes a general easement of passage is all that is necessary, and consequently the title conveyed by such proceedings will, in the absence of any expressions unequivocally directing the taking of a larger estate, be thus limited, and the fee title to the property will not be disturbed. Where a statute laying out an avenue provided for commissioners "to estimate the value of the lands and premises required to be taken for said avenue," it was held that, in the absence of any provision requiring the fee of the land to be taken, only an easement for highway purposes passed. Washington Cemetery v. P. P. & C. I. R. R. Co., 68 N. Y. 591. The charter provision in the proceedings at bar is almost identical, in its reference to the estate taken, with the statutory provision in the case cited, and we think the rule there laid down should be followed here. See, also, City of Buffalo v. Hoffeld, 6 Misc. Rep. 197, 200, 27 N. Y. Supp. 869. Evidently a different rule of damages should prevail when the fee of premises is taken, for a fee in a highway is of actual value to an abutting property owner. See City of Buffalo v. Pratt, 131 N. Y. 293, 299, 300, 30 N. E. 233, 15 L. R. A. 413, 27 Am. St. Rep. 592. We are accordingly of the opinion that the city did not by these proceedings acquire the fee of the new street, that the land appropriated therefor was already burdened with one or more private easements, and that for the additional burden imposed of a public easement of a similar nature nominal damages only were allowable.

The award and determination of the commissioners should be sustained, with costs against the relator.

Award sustained, with costs against relator. All concur, except KELLOGG, J., dissenting in memorandum.

JOHN M. KELLOGG, J. (dissenting). Conceding, as we may, that rights of way existed over the 40-foot strip which entitled the owners of the adjoining lands to pass over it, and even to keep it open as a street, nevertheless the award of $30 damages is inadequate. From time to time the city has paved, curbed, and laid sidewalks and sewers along the street fronting upon this 40-foot strip, and has assessed upon the claimant as owner the cost thereof. The aggregate payments made by her for such purposes is $255.75. She paid the sums upon the claim of the city that she owned this land, which claim is entirely inconsistent with the new asserted rights of way. If the damage done by opening this street would equal or exceed that amount, the city is estopped from denying her right to be reimbursed.

The determination as to this piece of property should be annulled, and the matter remitted to the commissioners for further consideration, unless the respondent stipulates to increase the damages from $30 to $255.75, in which case the' award is so modified, and, as modified, is affirmed, without costs.