In the Matter of the Application of WILLIAM B. TRAINER and Others (for Whom Have Been Substituted WILLIAM WATT and Others, by Order Entered Herein on July 10, 1934), Constituting the Town Board of the Town of Huntington, and Others, Relators, for a Certiorari Order against IRA W. LEWIS, Individually, and IRA W. LEWIS (for Whom Was Substituted GEORGE E. BRUSH by Order Entered Herein on July 10, 1934, for Whom Has Been Substituted ALBERT NUSSBAUM, Present Superintendent of Highways of the Town of Huntington, by Order Entered Herein on September 4, 1934) as Superintendent of Highways of the Town of Huntington, Respondents, and WALTER JENNINGS (Now Deceased, and for Whom Have Been Substituted JEAN BROWN JENNINGS and Others, as Executors of WALTER JENNINGS, Deceased, by Order Entered Herein July 10, 1934) and Another, Intervenors, Respondents.— Order of certiorari dismissed, with fifty dollars costs and disbursements. The review sought here is of the determination made by the respondent as superintendent of highways of the town of Huntington, pursuant to the provisions of section 234 of the Highway Law, that a portion of Huntington avenue, situated in the hamlet of Cold Spring Harbor, has been abandoned. While it is true that the burden of proof of abandonment of a highway is upon him who asserts it (*Beckwith* v. *Whalen*, 65 N. Y. 322; *Matter of Scheibel* v. *O'Brien*, 230 id. 277, 281), the certificate in question here does not contemplate a decision or determination by the superintendent upon a disputed issue. The section of the Highway Law cited directs the superintendent, as an incident of his duties, officially to proclaim what has already taken place, namely, the abandonment. The superintendent's duty is plain, whether the abandonment is as to a portion of a highway or as to all of it (*Horey* v. *Village of Haverstraw*, 124 N. Y. 273; *Barnes* v. *Midland R. R. Terminal Co.*, 218 id. 91, 99), and it is immaterial whether the abandonment was accomplished through devious or illegal means. (*Horey* v. *Village of Haverstraw, supra; Dinkel & Jewell Co.* v. *Vil. of Tarrytown, No. I.* 177 App. Div. 742.) The certificate is not conclusive and no discretion was vested in the superintendent in making it. (*People ex rel. De Groat* v. *Marlette*, 94 App. Div. 592.) There is, therefore, nothing to review here by way of certiorari. A ministerial act only has been performed. (See *People ex rel. Copcutt* v. *Board of Health*, 140 N. Y. 1; *Matter of Leverant*, 110 App. Div. 371.) Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.