Frederick W. V. Schadt
(Acting County Judge), This action is brought, pursuant to article 15 of the Real Property Law of the State of New York, to compel the determination of claims to the real property described in the complaint.
The facts are simple. Frederick M. St. John, and Pluma E., his wife, of the Village of Monticello, Sullivan County, New York, by deed dated September 18, 1869, and recorded in the Sullivan County Clerk’s office on January 18, 1870, in Liber 60 of Deeds at page 490, conveyed the premises, title to which is involved in this proceeding, to the Monticello and Port Jervis Railroad Company. After the description of the property, which is said to contain 3% acres, more or less, the following appears: “ this conveyance is made subject to the right of flowing by water over a portion of said lot as conveyed to Eli Fairchild by John P. Jones Deceased. With the appurtenances and all the estate title and interest of the party of the first part therein to have and to hold the same unto the party of the second part, its successors and assigns to the same extent and effects as if title to the same had teen acquired under and pursuant to the provisions of the act entitled an act to authorise the formation of Rail Road Corporations and to regulate the same passed April 2nd, 1850 and the acts amendatory there of [italics by the court, not in the instrument itself] and the said party of the first part doth hereby covenant and agree unto the said party of the second part and its successors that at the time of the delivery hereof the said party of the first part is the lawful owner of the premises above granted and seized thereof in fee simple absolute and that he will warrant and defend the above granted premises in the quiet and peaceable possession of the said party of the second part its successors and assigns forever. In Witness whereof, etc. ”.
The plaintiff alleges that it became the owner of the real property described in the deed just mentioned by instrument dated September 9, 1958, made by Sidney D. Rose and Philip L. Moskowitz to O & W Lines, Inc., which deed is recorded in the Sullivan County Clerk’s office on March 2, 1959, in Liber 576 of Deeds at page 451.
The unhappy history of the intervening owners need not be recited. Sufficient it is to say that the lands are no longer used for railway purposes. The railroad has been discontinued, and its assets liquidated or disposed of.
There is no proof before the court as to the purposes for which the land in question was acquired by the railroad, nor the use to which the land was put by it. The court has made inquiries, since the matter has been submitted without argument, *794 and has learned that a portion of the premises was used for railroad right of way purposes, and a portion for a passenger depot, freight station, freight sheds, storage buildings, and similar activities usual and customary in railroad operation.
The court has also learned that the real property as described in the deed from St. John to the railway is the same as St. John in turn acquired from one JohnP. Jones by deed dated August 21, 1862, and recorded in the Sullivan County Clerk’s office, October 14, 1862, in Liber 46 of Deeds at page 586. This fact has a particular significance in its bearing upon the estate which may have been created by the railroad deed, and the intent of the parties.
The plaintiff contends that, by reason of the provision in the deed reading 6 ‘ to hold the same unto the party of the second part, its successors and assigns to the same extent and effects as if title to the same had been acquired under and pursuant to the provisions of the act, etc.”, that the defendants may claim an interest or estate in the premises described in the deed but that they have in fact, no interest, because “no reversionary interest exists ” and in addition, the plaintiff and its grantors and predecessors have acquired title by adverse possession.
No proof of any kind was introduced. The matter was submitted to the court without argument, apparently under the supposition and by at least tacit understanding that the sole question involved was one of law, which hinged upon the interpretation of the provision in the deed heretofore set forth in this opinion and underlined.
Counsel for all the parties have been diligent and alert. Briefs have been submitted which were literate and compelling.
Plaintiff says that because the grant was made by warranty deed, it could not be cut down or limited by subsequent language in the habendum clause. Plaintiff continues by arguing that the law does not favor forfeitures, and that conditions and conditional limitations are to be strictly construed against the party creating them.
Forfeitures are to be avoided, by reason of simple justice, and forfeiture provisions are to be strictly construed against the grantor. This principle is too well established to any longer require the citation of authorities.
The plaintiff further argues in support of its proposition that a fee must have been intended because the conveyance to its predecessors, that is, the original St. John deed, was made “ subject to the right of flowing by water over a portion of said lot”. The court can find nothing inconsistent in making the grant subject to a water right. A reading of the deed indicates *795 that this same right was in prior deeds, so that in any event, the grantors could give not better title than they had.
The railroad by condemnation originally could have acquired for general railroad purposes an interest in the nature of an easement only. The first general railroad act of this State was chapter 140 of the Laws of 1850 : “ Nothing was said in the statute of 1850 about any right to acquire a fee. While the Legislature may determine the extent of the title to be acquired by a railroad corporation by condemnation, the general ride is that unless express authority to take a fee is given, the railroad company acquires title only in the nature of an easement. (Hudson & Manhattan R. R. Co. v. Wendel, 193 N. Y. 166, 177, 179.) The provisions of such an act will be strictly construed and the quantum of the title to be taken will not be extended by implication. (People ex rel. Washburn v. Common Council, etc., of City of Gloversville, 128 App. Div. 44, 49; Matter of Water Commissioners of Amsterdam, 96 N. Y. 351, 357.) ” (Crouch v. State of New York, 218 App. Div. 356, 358.)
Section 17 of chapter 282 of the Laws of 1854 provided that all lands acquired by any railroad company for passenger and freight depots shall be held by the compay in fee.
Although the court in the case just cited indicates that the railroad company 1 ‘ acquires title only in the nature of an easement ’ ’, this court is of the opinion that here something more was acquired than an easement, something in the nature of a determinable fee, limited to the railroad’s continuous operation.
This court cannot believe that a specific reference in the deed to the statute was without purpose. It is not tenable that the insertion of the paragraph which brings about this dispute was to emphasize that the taking was to have been in fee, when the omission of the paragraph would have left no doubt but that such was the intent. Had the provision been part of a printed form, one might argue that inadvertently, and through oversight, the parties neglected to delete it. This particular provision was inserted in numerous deeds. So common was its insertion that these instruments were known as “ Railroad form deeds.”
The court holds, therefore, that as to that portion of the premises described in the St. John deed as was used for depot and freight houses, the railroad took title in fee simple, upon execution and delivery of the deed, and that this is the title the plaintiff now has. That as to that portion of the premises used for right of way purposes, the railroad acquired title which was limited to its existence as a railroad and that upon its dissolution, title became vested, without further act, and without re-entry in the successors in interest to Frederick M. St. John.
*796 . .Unless the parties- can agree to the extent of - these different parcels, proof will have to be taken by the court to determine the area of each.
To hold otherwise would be to totally disregard the language of the instrument which created the particular estates.
. Submit order.