■ STEPHEN HOLDEN, JR., et al., as Executors of STEPHEN HOLDEN, Deceased, Respondents, et al., Plaintiff, v. NEW YORK TELEPHONE COMPANY, Appellant.— Order of the Supreme Court, Westchester County, dated July 2, 1968, affirmed insofar as appealed from, with $10 costs and disbursements. In this action in ejectment defendant argues that its franchise, granted pursuant to section 27 of the Transportation Corporations Law, to maintain its conduits beneath the surface of a public street survives the formal closing of the street. In our opinion, summary judgment was properly rendered in favor of respondents. Defendant's franchise under section 27 was dependent upon the continued existence of the street in question as a public highway. When, in the interests of the general public, the street was formally closed, that right was extinguished (*New York Cent. R. R. Co.* v. *Westchester Light. Co.*, 226 App. Div. 825). Nor do we find any merit to defendant's contention that the Town of Mt. Pleasant lacked the power to revoke the franchise by the issuance of a certificate of abandonment under section 205 of the Highway Law. The Town Board, in issuing the certificate, was merely performing a ministerial act mandated by that statute (*Matter of Trainer* v. *Lewis*, 243 App. Div. 630). Defendant's franchise was extinguished, not by virtue of the powers of the municipality, but by operation of section 205, which defines the circumstances by which a public highway shall cease to enjoy such status. Defendant's other contentions have been considered and rejected. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.