Dennis McCarthy, Appellant, v. Harvey Whalen, Respondent.

In an action for trespass the defense was that the *locus in quo* was a public highway; this was sought to be established by proof that it had been regularly laid out as a highway, also that S., plaintiff's grantor, dedicated it to the use of the public for that purpose, and defendant proved declarations of S., tending to show a dedication. Plaintiff was allowed to prove, under objection and exception, the statements of S. at the time of the sale to plaintiff, to the effect that a move had been made to open the road, but that it never had been carried out, and that the road was fenced across; the referee found that the road was never opened. *Held* that the reception of the declaration of S. was error, and that the error was material.

Also *held*, that the reception of the evidence was not justified by the fact that defendant had proved declarations of S. made at another time to another person tending to prove a dedication.

(Argued October 28, 1881; decided December 6, 1881.)

Appeal from the order of the General Term of the Supreme Court, in the fourth judicial department, made January 6, 1880, which reversed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 19 Hun, 503.)

This was an action for trespass *quare clausum fregit.* The defense was that the *locus in quo* was a public highway, defendant justifying as commissioner of highways.

The facts, so far as material to the questions discussed, are set forth in the opinion.

*J. Van Voorhis* for appellant. The act of Commissioner Jump in removing the gate was unlawful and a trespass, as no notice to remove the fence had previously been given, as required by statute. (1 R. S. 520, § 96; *Case* v. *Thompson,* 6 Wend. 634; *Kelly* v. *Horton,* 2 Cow. 424.) The statute means that the entire road shall be opened as laid out. The entire road must be opened. (*Marble* v. *Whitney,* 28 N. Y. 297; *Walker* v. *Caywood,* 31 id. 51.) The alleged road not having been used by the public as a highway for a period of more than

six years prior to the time when the defendant committed the acts complained of, ceased to be a highway if it ever had been one. (*Martin* v. *The People*, 23 Ill. 395–396; *Crain* v. *Fox*, 16 Barb. 187; *Reg.* v. *Chorley*, 12 Jur. 822; *Ward* v. *Ward*, Eng. Laws, etc. 413; 2 Wash. on Real Prop. 82–83, §§ 56–57.) The alleged road was never duly laid out as a highway, the application not being in writing, as required by the statute. (1 Edm. Stat. 472, § 54; 1 R. S. 513; *Pratt* v. *People*, 13 Hun, 666; *People* v. *Hinds*, 30 N. Y. 470.) The consent of the owners or occupants of the land, or a certificate of the freeholders, was not obtained as required by law. The proof shows the land taken to be improved lands. (1 R. S. 514, § 58; 1 Edm. Stat. 474, § 74, as amended in 1847; 3 Edm. Stat. 318, and chap. 455, Laws of 1847.) A consent to the taking of lands for a highway may be revoked at any time before the commissioner acts upon it. (*Marble* v. *Whitney*, 28 N. Y. 297; *People* v. *Goodwin*, 5 id. 568; *Noyes* v. *Chapin*, 6 Wend. 461; *People* v. *Albright*, 23 How. 306.) The act of including the road in one of the highway districts was not sufficient to prevent a revocation. (*Niagara Falls Susp. Bridge Co.* v. *Bachman*, 66 N. Y. 269.) The commissioner could acquire no jurisdiction to make the order until notice to the occupants required by the statute; this jurisdictional fact must be shown. (1 R. S. 514, § 62; *The People, ex rel. Willis,* v. *Smith et al.,* 7 Hun, 17; *The People, ex rel. Dana,* v. *Robertson*, 17 How. 74; *The People, ex rel. Crandall,* v. *Supervisors*, 36 Id. 544; *The People, ex rel. Edick,* v. *Osborn*, 20 Wend. 186.) The fact that the order had not the survey incorporated in it is a fatal defect. (*Pratt* v. *The People*, 13 Hun, 666; *People* v. *Hinds*, 30 N. Y. 470; *Williams* v. *The People*, 36 id. 443; *Stewart* v. *Wallis*, 30 Barb. 348; *Fitch* v. *Com'rs of Kirkland*, 22 Wend. 132; *People* v. *Hinds*, 30 N. Y. 470; *Tucker* v. *Rankin*, 15 Barb. 471.) The proof does not show any dedication of the *locus in quo*. (Angell on Highways, § 152; *Carpenter* v. *Gwyn*, 35 Barb. 395; *Niagara Falls Susp. Bridge Co.* v. *Bachman*, 66 N. Y. 269; *Holdane* v. *Trustees, etc.*, 21 id. 478.) The road could not be made a

highway, as it does not accommodate the traveling public, and is not and could not be of any conceivable value or use to the public. (*Holdane* v. *Trustees of Coldspring*, 23 Barb. 103; 21 N. Y. 474; *The People* v. *Van Alstyne*, 32 Barb. 136; *Trustees of Jordan* v. *Otis*, 37 id. 50; *Rugby Charity* v. *Meriwether*, 11 East, 375; 11 Alb. L. J. 167.) If plaintiff's fence was an encroachment upon the highway, the only remedy of the commissioner was to give him six weeks' notice to remove the same as prescribed in 1 R. S. 521, § 103; in case of plaintiff's neglect to remove the same, then to proceed as prescribed in section 104. (*Griffith* v. *McCullom*, 46 Barb. 561.)

*J. A. Stull* for respondent. The plaintiff is estopped by the acts of his grantor, Samuel Strowger, as well as his own, from now making any claim that the land in question is not a legal highway. (*In re Opening Thirty-second St.*, etc., 19 Wend. 128; *In re Opening Twenty-ninth St.*, etc., 1 Hill, 189; *Wyman* v. *Mayor*, etc., *of N. Y.*, 11 Wend. 487; *Smyles* v. *Hastings*, 22 N. Y. 217; *Bissell* v. *N. Y. C. R. R. Co.*, 23 id. 61; *Cox* v. *James*, 45 id. 557–652; 61 id. 462.) The proceedings to lay out the highway were a substantial compliance with the statute, and in consequence the road became a public highway. (1 R. S. 513, § 55; *Gould* v. *Glass*, 19 Barb. 179; *People* v. *Sup'rs of Richmond*, 20 N. Y. 252; *Marble* v. *Whitney*, 28 id. 298; *Van Bergen* v. *Bradley*, 36 id. 316; *People* v. *Com'rs of Redhook*, 13 Wend. 310; *People* v. *Com'rs of Salem*, 1 Cow. 23; *Rugby Charity* v. *Merryweather*, 11 East, 375; *People* v. *Van Alstyne*, 3 Keyes, 35; *People* v. *Kingman*, 24 N. Y. 560; *Bateman* v. *Black*, 14 Eng. L. & Eq. 69; *Wiggins* v. *Talmadge*, 11 Barb. 462; *Hickok* v. *Trustees of Plattsburg*, 41 Id. 135–138; *Beckwith* v. *Whalen*, 65 N. Y. 322; *Marble* v. *Whitney*, 28 id. 298; *Walker* v. *Caywood*, 31 id. 51; *Bridges* v. *Wycoff*, 67 id. 130.) As this highway has been traveled and used continuously, and every year, and there has been no period of six years when it has not been worked, it has not been abandoned. (*Corning* v. *Gould*, 16 Wend. 531; *Bridges* v. *Wycoff*, 67

N. Y. 130; *Amsley* v. *Hinds*, 46 Barb. 622; *Walker* v. *Caywood*, 31 N. Y. 64.) It was competent and proper for the defendant to prove the declarations of the plaintiff's grantor, while in possession of the land, as against the plaintiff's title. (*Cook* v. *Harris*, 61 N. Y. 448; *Dempsey* v. *Kipp*, id. 463.)

Finch, J. We are not quite satisfied to sustain the reversal by the General Term of the judgment entered upon the report of the referee, upon the main and principal grounds discussed. If our decision turned upon them, we should possibly doubt whether the order of the commissioner of highways of the town of Penfold was effectual, because no survey was incorporated in the order; and be quite certain that the referee's finding of fact that the highway in question had never been opened at all was unanswerable in this court, since the reversal by the General Term is not certified to have been upon questions of fact and must be assumed to have rested upon errors of law. It is not necessary, however, to discuss these questions, or do more than express our doubts, since there is one ground of reversal which we feel it our duty to sustain.

The plaintiff's action was for a trespass. His right to recover was conceded, unless the *locus in quo* was a public highway. That fact was sought to be established in two ways: first, by proof that it was regularly and lawfully laid out as such; and, second, that it was dedicated to the use of the public by Samuel Strowger, who was plaintiff's grantor. Upon both of these issues the question whether the alleged highway was actually opened and worked and used as such was material. If not so opened and worked within six years from its regular and valid origin, the proceedings to lay it out became, by the mandate of the statute, wholly ineffectual. If reliance was placed upon a dedication, an acceptance and user by the public was essential to fix its character and shut the door on revocation. The referee found as a fact that the road was not opened at all. If he received any evidence bearing upon that issue, naturally tending to influence and produce that conclusion, which was inadmissi-

ble and illegal, the error is necessarily fatal. Such an error the General Term held was committed in the admission, on behalf of the plaintiff, of the declarations of his grantor during the negotiations for a sale. The plaintiff was sworn in his own behalf. He was asked by his counsel what conversation he had with Samuel Strowger while viewing the farm, in regard to the road in question. Objection was interposed that the evidence was immaterial and incompetent, which was overruled and an exception taken. The witness answered by a recital of his grantor's declarations that a move had been made to open a road down to the float bridge, but that it had never been carried out and the road was fenced across at Scott's land through which the road was to have run. Of course this evidence was hearsay and wholly inadmissible unless upon some special ground of an exceptional character. We have looked in vain for any such justification. The appellant defends it upon the ground that the conversation had been proved by defendant, and the plaintiff, therefore, had the right to contradict it or give his own version of it. Unfortunately for this explanation the case shows not one word uttered by Samuel Strowger during the negotiations with plaintiff so far as the defendant's proof is concerned. Whatever was said on that occasion was proved to have been said by Charles Strowger. A denial of that, the plaintiff was permitted to make without objection, but there was nothing to contradict as to Samuel, for the plain reason that it had not been shown that he said any thing. There was nothing to contradict so far as Samuel was concerned. It is quite true that the defendant had proved Samuel's declarations made at another time and to another person, but those declarations tended to prove a dedication, and were admissible against his grantee. It is quite a different thing for the grantee to offer the declarations of his grantor as original evidence in his own behalf, upon a question not of possession but of title. We cannot defend it as immaterial. Very much of evidence had been given tending to prove a dedication by the plaintiff's grantor to the use of the public. One witness testified to his directions to remove obstructions and to his explicit

declaration that he gave the land for a road.  The statements admitted tended directly to contradict that theory and possibly prevented the referee from adopting it.  They bore, also, upon the disputed point, stoutly litigated on both sides, and found by the referee in plaintiff's favor, whether or not the road was in fact opened within six years from the commissioner's order. The declarations tended to show that there was merely an attempt to open the road which proved abortive and was abandoned.  We do not discover any ground upon which to justify this evidence, and feel constrained to hold that its admission warranted the reversal by the General Term.  The result is that we must order judgment absolute against the plaintiff on his stipulation.  The dangers of such an appeal to this court have been so frequently pointed out as to make any further repetition of little use.

Order of General Term affirmed and judgment absolute ordered for the defendant, with costs.

All concur, except RAPALLO, J., absent.

Order affirmed and judgment accordingly.