(41 Misc. Rep. 151.)

PEOPLE ex rel. DE GROAT v. MARLETT, Highway Com'r.

(Supreme Court, Special Term, Otsego County. June, 1903.)

1. HIGHWAYS—ABANDONMENT—CERTIFICATE OF HIGHWAY COMMISSIONER—STATUTES.

Highway Law, Laws 1890, p. 1198, c. 568, § 99, authorizing the commissioner of highways to file a certificate of abandonment in case a highway has been abandoned, does not authorize the filing of such certificate unless the highway has not been worked or used at all for six years last past.

2. SAME—ABANDONMENT.

The erection of bars and gates across a highway for the accommodation of abutting owners does not authorize the highway commissioner to declare the abandonment of the highway.

3. SAME—REMOVAL OF OBSTRUCTIONS—MANDAMUS.

Where obstructions have been placed across a highway, the highway commissioner may be compelled by mandamus to remove them and attach the highway to the proper road district.

Application by the people, on relation of George F. De Groat, for mandamus against H. H. Marlett, as commissioner of highways of the town of Laurens. Peremptory writ granted.

Charles H. Seeley (Albert F. Gladding, of counsel), for relator.
Gibbs & Wilbur (Albert C. Tennant, of counsel), for respondent.

FORBES, J. This is a proceeding under an alternative writ of mandamus to compel the defendant, as commissioner of highways, to remove obstructions from a public highway in his said town, to open the same, and attach said highway to the proper road district. I am satisfied that the commissioner of highways had and acquired no jurisdiction to make the order declaring the highway in controversy abandoned. Beyond any dispute, said road was one of the public highways of the town of Laurens, and had been used and worked to some extent for 40 years prior to the making and filing of the order of abandonment.

The respondent attempts to justify his order under the highway law. 1 Rev. St. (9th Ed.) p. 704, § 99; Laws 1890, p. 1198, c. 568. A cer-

tificate of abandonment under that law may be made and filed only when the facts are undisputed, and there has already been an actual abandonment of the highway for at least six years next prior thereto. The respondent therefore acquired no jurisdiction over the subject-matter, and had no authority to act, within section 99 of said law. Having obtained no jurisdiction over the subject-matter of the proceeding, his acts were null and void, and can therefore be attacked in a collateral proceeding. People ex rel. Miller v. Griswold, 67 N. Y. 59; Beardslee v. Dolge, 143 N. Y. 160, 38 N. E. 205, 42 Am. St. Rep. 707; Miller v. City of Amsterdam, 149 N. Y. 288, 298, 43 N. E. 632; O'Donoghue v. Boies, 159 N. Y. 87, 99, 53 N. E. 537; People ex rel. Village of Brockport v. Sutphin, 166 N. Y. 163, 170, 59 N. E. 770.

The road sought to be abandoned was still a highway, within the cases of City of Buffalo v. Hoffeld, 6 Misc. Rep. 197, 27 N. Y. Supp. 869; Horey v. Village of Haverstraw, 124 N. Y. 273, 26 N. E. 532; Excelsior B. Co. v. Village of Haverstraw, 142 N. Y. 146, 36 N. E. 819; City of Niagara Falls v. N. Y. C. & H. R. R. Co., 168 N. Y. 610, 625, 61 N. E. 185. The statute does not prescribe how well or how much the highway should be worked. If open and worked at all within the period required by law, it will not lose its legal existence. Marble v. Whitney, 28 N. Y. 297; Townsend v. Bishop, 61 App. Div. 18, 70 N. Y. Supp. 201; City of Buffalo v. D., L. & W. R. Co., 68 App. Div. 488, 74 N. Y. Supp. 343.

If the action taken by the commissioner of highways was absolutely void, an action against the respondent for a false return could not, probably, be maintained, within People ex rel. Miller v. Wurster, 149 N. Y. 549, 44 N. E. 298. It cannot be declared abandoned because bars and gates are placed across the public highway for the accommodation of the owners on both sides thereof. McCarthy v. Whalen, 19 Hun, 503, affirmed in 87 N. Y. 148. The placing of gates and bars across the highway shown in the present proceeding, under the evidence, was a continuous recognition of the right of the public to travel upon and use said highway. A public highway ought not to be declared abandoned or closed without the consent of persons living upon and using the same for ingress and egress to and from their residences. Such persons ought not to be compelled, nor have they any right, to cross the lands of their neighbors to get upon another public highway.

The defense that the plaintiff has a remedy at law must be pleaded to be available. Lough v. Outerbridge, 143 N. Y. 271, 38 N. E. 292, 25 L. R. A. 674, 42 Am. St. Rep. 712; Wakeman v. Wilbur, 147 N. Y. 657, 42 N. E. 341.

The writ of mandamus is the proper remedy under the facts in this case. People ex rel. Huntley v. Mills, 109 N. Y. 69, 15 N. E. 886. It is therefore the defendant's duty to remove the obstructions from said highway and attach the same to a road district. A peremptory writ of mandamus should be issued in this proceeding to compel the respondent to reopen said highway, remove the obstructions therefrom, and attach the same to a road district. Judgment, therefore, is ordered in favor of the relator against the respondent, with the costs of this proceeding.

Judgment accordingly.