PEOPLE ex rel. DE GROAT v. MARLETTE, Highway Com'r.

(Supreme Court, Appellate Division, Third Department. May 4, 1904.)

1. HIGHWAYS — ABANDONMENT — COMMISSIONER'S CERTIFICATE — DISCRETION— MANDAMUS.

Under Highway Law, § 99 (Laws 1890, p. 1198, c. 568, as amended by Laws 1899, p. 1364, c. 622), providing that every highway that shall not have been traveled for six years shall cease to be a highway, and that the commissioner of highways shall file in the town clerk's office written description of each highway abandoned, the act of a commissioner in filing

a certificate that a highway has been abandoned, which has not been so in fact, is not a judicial act involving discretion, so as not to be reviewable by mandamus.

2. SAME—WRONGFUL FILING OF CERTIFICATE—EFFECT.

The wrongful filing of the certificate of abandonment does not discontinue the highway.

3. SAME.

Neither is the certificate filed under such circumstances any defense to a proceeding by mandamus to compel the commissioner to perform the duty imposed by section 4 (Laws 1890, p. 1178, c. 568), of dividing the town into highway districts and appointing overseers.

Appeal from Special Term, Otsego County.

Mandamus by the people, on relation of George F. De Groat, against H. H. Marlette, as commissioner of highways of the town of Laurens, Otsego county, N. Y. From a judgment awarding the writ (83 N. Y. Supp. 962), defendant appeals. Affirmed.

The judgment appealed from awards to the relator a peremptory writ of mandamus, commanding the defendant and his successors in office to attach a certain highway described in the alternative writ to a road district of the town of Laurens, or to make a separate road district thereof, to appoint an overseer of highways therefor, and to cause said highway to be opened for use by the public as a highway. For many years prior to the commencement of the proceedings the roadway in question had been a public highway passing through lands now owned and occupied by the relator. On the 2d day of May, 1900, the defendant, as commissioner of highways of the town of Laurens, made, filed, and recorded in the town clerk's office of that town a written notice describing the highway in question, and certifying that it "has been abandoned by the public, and is no longer used as a public highway, and, pursuant to section 99 of the highway law [Laws 1890, p. 1198, c. 568, as amended by Laws 1899, p. 1364, c. 622], the same is discontinued." In the return to the alternative writ of mandamus made by the defendant, he alleged that he had been commissioner of highways of the town of Laurens since the month of February, 1899; that for more than six years prior thereto the highway described in the said writ had ceased to be traveled by the public, and the same had been abandoned and no longer used as such, the same being fenced up in many places; and that thereupon he, in pursuance of section 99 of the highway law, made and entered in the town clerk's office of that town the notice or certificate above mentioned. The principal issue litigated upon the trial was as to whether said highway had been traveled and used as a public highway for the six years immediately preceding the year 1900. The trial was had before the court and a jury, and at the close of the evidence each party requested the court to direct a verdict in his favor. The court thereupon took the case, and found, among others, the following facts: That the highway in question had been during the past 40 years, and still was, one of the highways of said town, and had been used and traveled by the public as such highway; that during the six years immediately preceding the year 1900, and each and every of said six years, the said highway has been traveled and used as a public highway by the public; that on the 2d day of May, 1900, the defendant improperly claimed that said highway had not been traveled or used as a highway for six years prior to that date; and that on that day, without jurisdiction to act therein, he made, signed, and caused to be filed and recorded in the town clerk's office, a certificate describing said highway, and improperly certifying that the same had been abandoned by the public, and no longer used as a highway. Judgment was rendered upon the decision for the relief demanded in the alternative writ, and the defendant appeals.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

A. R. Gibbs, for appellant.

Albert F. Gladding, for respondent.

CHESTER, J. Section 99 of the highway law (Laws 1890, p. 1198, c. 568, as amended by Laws 1899, p. 1364, c. 622) provides that:

"Every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, and every public right of way that shall not have been used for said period shall be deemed abandoned as a right of way. The commissioners of highways shall file and cause to be recorded in the town clerk's office of the town, written description, signed by them, of each highway and public right of way so abandoned, and the same shall thereupon be discontinued."

The court has found as a fact, upon ample evidence, that during all of the six years preceding the filing of the certificate by the commissioner the roadway in question had been traveled and used as a highway by the public. That stands as a fact established in the case. That being so, the question is presented whether the commissioner had any jurisdiction or power to file and record the certificate or paper which he did. It is claimed upon his behalf that his act in so filing and recording it was a judicial act, involving discretion, which cannot be reviewed; that therefore an application for a mandamus was improper; and that the only way to review was by a writ of certiorari. The language of the section under which he acted carries a complete negative to this position. Under the express terms of the law, when a highway has not been traveled or used as such for six years it ceases to be a highway. It ceases to be a highway by virtue of the law, and not because of any act which the commissioner may perform under the law. It is apparent that he had no judicial function to perform under the law, and that there was no discretion resting in him thereunder. Nor can it be claimed with any reason that, when the fact does not exist which gives him the right to file and record a description of an abandoned highway under the statute, and he nevertheless assumes and asserts the fact of nonuser, and files and records a description, a highway which has not been abandoned, and has in fact been traveled and used as a highway during each of the prior six years, shall by virtue of his act alone cease to be a highway, and be discontinued. The fact which forms the only foundation or justification for the defendant's filing and recording the description which he did is, under the finding of the court, wanting in this case, and he cannot shield himself behind a paper which we must hold, upon this record, he had no power, under the law, to make. His duty, under the law, is to have the care and superintendence of the highways in his town, to cause the same to be kept in repair, to divide the town into highway districts, and to appoint overseers of highways for the several districts. Highway Law, § 4 (Laws 1890, p. 1178, c. 568). His act being void for want of jurisdiction or power, the paper which he filed and recorded furnishes no defense for his failure to discharge his duty under the law with reference to the highway in question; and, for failure to discharge such duty, mandamus is the appropriate remedy.

The judgment should be affirmed, with costs. All concur.