Therefore, this attempted raise to $1,000 a year, voted on January fourth, was an increase during the term of office, contrary to the prohibition of the Village Law, section 184. (*Ries* v. *West New York*, 79 N. J. L. 164; *Lowry* v. *City of Lexington*, 113 Ky. 763; *Devers* v. *York City*, 150 Penn. St. 208; 1 Dillon Mun. Corp. [5th ed.] § 423n.)

Such increase of judicial salary would be a waste and injury to the funds and property of the village of Tarrytown, which may be redressed by taxpayer's suit under Code of Civil Procedure, section 1925.

I advise, therefore, to affirm the judgment, with costs.

JENKS, P. J., THOMAS, CARR and STAPLETON, JJ., concurred.

Judgment affirmed, with costs.

---

GEORGE E. STOCKWELL, Appellant, *v.* LEWIS A. DUNCKEL, Respondent.

Third Department, May 3, 1916.

Highways — consent by one tenant in common to construction of highway — consent by parol or acquiescence — dedication — acceptance of public street by village — failure to reserve right of street in conveyance — when construction of cross fence does not divest street of public character.

Where one of the tenants in common of land consents to the opening of a village street, and each side of the street is fenced, and this condition exists for more than twenty years, there will be held to be an acquiescence upon the part of others owning an interest in the land in the dedication thereof for a public street.

Such a consent need not be in writing. It may be by parol or by acquiescence, and cannot be revoked after the street is opened and worked.

A street which has been worked, fenced and used for many years by act and consent of the owners, will be deemed to have been dedicated to the public.

A village by working a street, by buying part of it, by placing it upon the map of village streets, and by entering a description of it in the public records, recognizes and accepts it as a public street.

The failure to reserve the right of a street in the conveyance of a lot is not conclusive proof that no street exists.

The fact that a fence was constructed across a village street for convenience of property owners, with bars for passing by the public, does not divest the street of its public character.

Where a street had been opened, traveled and used as a public highway to a time within six years before the commencement of a suit to prevent the defendant from entering thereon, it has not ceased to be a highway.

APPEAL by the plaintiff, George E. Stockwell, from a judgment and final order of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Montgomery on the 7th day of August, 1915, upon the decision of the court, both sides having moved for the direction of a verdict at the close of the case.

*J. D. Wendell,* for the appellant.

*George W. Ward,* for the respondent.

Judgment and order affirmed, upon the opinion of Mr. Justice VAN KIRK.

All concurred.

The following is the opinion of Mr. Justice VAN KIRK:

VAN KIRK, J.:

This action is brought to recover a judgment restraining the defendant from entering on plaintiff's premises and tearing down plaintiff's fence, or in any way damaging plaintiff's fence or property, and for $200 damages.

The question presented is whether or not what has been called an extension of West street in the village of Fort Plain is a public street or highway. In 1883 a petition was presented to the board of trustees of the village by some forty-seven freeholders, asking that West street be extended from its then terminus at Spring street to the southerly line of lands owned by William Lipe, over lands of Derinda Snell, James and Sadie Williams, Emma J. Austin and William Clark. This petition was dated August 2, and filed with the village board August 7, 1883. Five hundred dollars was raised by subscription and $300 raised by the village, and the whole paid for the right of way across the lands of Derinda Snell. James

H. Williams, one of the tenants in common of one piece of the property, executed and filed with the village clerk a paper by which he agreed to release all damages for lands owned by him within the proposed street and agreed to procure the consent of Sarah J. Williams and Esther A. Williams, the other tenant in common and the widow having a dower right. Emma J. Austin filed with the village clerk an agreement in writing to release to the village the right of way over her premises. This street was fenced upon both sides, and was worked by the village officers and employees, and remained open, used by whomsoever wished to use it, until December, 1903, when, by consent of this defendant, a bar-way was constructed across the street to restrain a cow or cows being pastured upon adjoining premises. For some years this bar-way remained, people who desired to pass through being able to do so by removing or letting down the bars. Within six years last past the plaintiff constructed a permanent fence across this street. This has been a number of times torn down by the defendant, and, at least until very shortly before the beginning of this action, whomsoever desired passed over this street, and it was used as a public street, from time to time being worked by the village authorities. Although it does not appear that all the parties owning an interest in the Williams lot ever gave their consent in writing, yet the consent having been given by one of the tenants in common, and the street having been opened, and each side of the street having been fenced across the lot, and this condition having existed for more than twenty years, there was an acquiescence upon the part of parties owning an interest in the Williams lot in the dedication of this land for a public street. It is not necessary that a consent be in writing. It may be by parol or by acquiescence, and cannot be revoked after the street is opened and worked. (*Marble* v. *Whitney*, 28 N. Y. 307.) The plaintiff Stockwell has succeeded to the Williams lot, and the defendant has succeeded to the Austin lot.

I think it should be held that the street, as it was worked, fenced and used for many years, by act and consent of the owners, was dedicated to the public, and that the village, by working, buying part of it, placing it upon the map of village streets, and entering a description of it in the public records,

recognized it and accepted it as a public street. A resolution formally accepting it was unnecessary; it has been accepted by official acts. (*Matter of Hunter,* 163 N. Y. 547; *City of Cohoes* v. *D. & H. C. Co.,* 134 id. 397, 402; *Mangam* v. *Village of Sing Sing,* 26 App. Div. 466; *Marble* v. *Whitney,* 28 N. Y. 297, 306.)

I cannot hold that the failure to reserve the right of the street in the conveyances of lots is conclusive proof that no street exists. The title was conveyed by the deeds, but the street existed at the time of the conveyances and still exists. It is not uncommon to convey lands by a description which includes a street or highway without specifically reserving the street or highway; indeed it is quite uncommon in deeds to reserve highways. A public street may be a *cul de sac.* The fact that a cross fence was constructed for convenience of property owners, with bars for passing by the public, did not divest the road of its public character. (*McCarthy* v. *Whalen,* 19 Hun, 507, 508.)

The street had been opened and had been traveled and used as a public highway to a time within six years before the beginning of this action. It has not ceased to be a highway. (*People ex rel. De Groat* v. *Marlette,* 94 App. Div. 592; *Beckwith* v. *Whalen,* 65 N. Y. 322, 330.)

The complaint must be dismissed, with costs. A decision accordingly may be submitted.