In the Matter of the Application of AVOCA SOIL IMPROVEMENT COMPANY, INC., Petitioner, for a Mandamus Order against HARRY WILBER, as Town Superintendent of Highways in the Town of Austerlitz, Columbia County, State of New York, Respondent.

Supreme Court, Columbia County, July 29, 1930.

*James S. McDonogh*, for the petitioner.

*John T. Norton*, for the respondent.

McNAMEE, J. The petitioner is a corporation owing land on a town highway in the town of Austerlitz, Columbia county. The president of the petitioner resides and for many years has resided on this highway. The petitioner sets forth that the town superintendent of highways has failed and refused to repair this highway, and to remove therefrom obstructions and defects which make it impassable, or practically so, in violation of the duty which the statute casts upon him as such officer. The highway in question is a connecting road extending from one point to another point on a State highway.

The respondent admits that he has not performed the duties demanded of him and alleges in his opposing affidavit that the town road in question as it passes the residence and lands of the petitioner is not a public highway, but that this part of the road ceased to be a public highway on September 4, 1928, pursuant to the provisions of section 234 of the Highway Law (as amd. by Laws of 1915, chap. 322) and proceedings taken thereunder. The respondent supports his position by a writing filed in the office of the town clerk on that day and alleged to be, in the language of the statute, " a written description," as required by said section, declaring the discontinuance of that part of said road which passes petitioner's premises. The respondent contends that this record is binding on the petitioner and is conclusive evidence that the part of the road in question is not a public highway.

It appears from the papers submitted on the motion, including a diagram of the location of the highway, that both ends of the town road in question, which lead into the State highway, are open and worked, but it is claimed by the respondent that the middle section of the town road which runs through petitioner's lands is the part which has been abandoned and discontinued.

The " written description " is in the following language:

" CHATHAM, N. Y.
" *Aug.* 23, 1928.

" Upon request of the Town Board of the town of Austerlitz, I, the undersigned, Town Superintendent of Highways of the town of Austerlitz, in the county of Columbia, hereby certify, that the Highway leading from James McDonogh's house southwest to Samuel McCoumbe's place has been abandoned by the public and is no longer used as a Public Highway; and pursuant to section 234 of the Highway Law, the same is discontinued.

" D. S. PETERSON
" *Town Sup't. of Highways.*"

It is apparent that this writing does not recite the facts that would justify the filing and recording of the instrument contemplated by section 234 of the Highway Law. The language of that section, so far as material here, is: " Every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, * * *. The town superintendent (*sic*) shall file, and cause to be recorded in the town clerk's office of the town, a written description, signed by them, of each highway * * * so abandoned, and the same shall thereupon be discontinued." The certificate does not appear to have been " recorded " as required. The description was not signed by the clerk as seems to be directed by the statute, for the language of the statute is that the description shall be " signed by them." The only officials mentioned in the section being the town superintendent and the town clerk, it does not appear from the writing that the road had not " been traveled or used as a highway for *six years;* " and finally the writing appears on its face to have been made and filed not because of the nonuser of the road for six years, but because the writing and filing were requested by the town board. The town board had no jurisdiction in the matter.

It is not disputed that the road in question has been a highway of the town, and, to repeat the language of the Court of Appeals, " Once a highway, always a highway until the contrary is shown." (*Matter of Scheibel* v. *O'Brien,* 230 N. Y. 277, 281.) And he who alleges the abandonment of a highway must prove it. (*Horey* v. *Village of Haverstraw,* 124 N. Y. 273, 276.) It must, therefore, be held that the " written description " does not prove the abandonment of the road in question, if indeed it is of any importance in this proceeding. And even though it were unimpeachable in form, execution and recording, it would not be conclusive evidence, if any, herein, because it has been said by the Appellate Division of this department that a public highway ceases to be such from nonuser and by force of the statute, and not because of the writing filed pursuant to section 234; and if the road had not been abandoned for six years there was no jurisdiction to file it. (*People ex rel. DeGroat* v. *Marlette,* 94 App. Div. 592, 594.)

But aside from the town records and in his affidavit the respondent states that the road in question was not traveled or otherwise used as a highway for a period of six years prior to August 23, 1928. Thus there is a conflict as to the fact of abandonment; and this issue cannot be disposed of here. And the fact that there is an issue to be tried prevents the granting of a peremptory mandamus order. (Civ. Prac. Act, §§ 1331, 1333; *People ex rel. Pumpyansky*

v. *Keating*, 168 N. Y. 390, 399; *Matter of Holland*, 218 App. Div. 780; *Kingsbury* v. *Bareham*, 198 N. Y. Supp. 866.)

It is not made to appear by what means the petitioner and its president do or may gain access to a public road from their property if the part of the town road in question has been closed. An instrument declaring a highway abandoned may and should be made and filed only when the fact of abandonment for six years is undisputed; it is only in these circumstances that a superintendent has a right to do so; and no highway should be declared discontinued and closed without the consent of or notice to those owning property and living thereon and who use it to gain access to their places of business and their homes. (*People ex rel. DeGroat* v. *Marlette*, 41 Misc. 151.)

An alternative mandamus order is granted, with ten dollars costs.