Martin Dotsko et al., Appellants, v. Julia M. Littlejohn et al., Respondents.

Fourth Department, January 16, 1969.

*Frederick J. Vavra* for appellants.

*Richard D. Malcolm* for respondents.

Henry, J. As a defense to plaintiffs' action to compel defendants to remove a barricade erected by them on Dills Road adjacent to plaintiffs' premises, defendants alleged that the road had been abandoned by the Town of Ledyard. In support of their defense they introduced into evidence the certificate of the Town Superintendent of Highways declaring the portion of Dills Road in question to be discontinued. The certificate recites: " I, the undersigned, Town Superintendent of Highways of the Town of Ledyard, in the County of Cayuga, hereby certify that the certain town highway, hereinafter designated, has not been opened or worked for more than six years last past, and that the same has been abandoned by the public, and is no longer used as a public highway."

It appears on the face of the certificate that the Town Superintendent had no jurisdiction to make it. Section 205 of the

Highway Law permits a highway to be discontinued: (1) if it has not been opened and worked within six years after it was dedicated; (2) if it has not been traveled or used as a highway for six years. The trial court having correctly found that the highway had existed as a town highway since 1878, the first reason for discontinuance could have no application here. The discontinuance could therefore be properly ordered only on the basis of nontravel and nonuse for six years prior to the discontinuance. The Town Superintendent's finding that the highway " has not been opened or worked for more than six years last past " is no basis for its discontinuance, and his finding that it " has been abandoned by the public, and is no longer used as a public highway " is insufficient to satisfy the statutory requirement of its not having been traveled or used as a highway for six years.

In *People ex rel. De Groat* v. *Marlett* (41 Misc. 151) the relator sought to compel the Highway Commissioner to remove obstructions from a highway which he had certified to be abandoned. Special Term in issuing a peremptory writ of mandamus to compel removal of the obstruction said (p. 152): " I am satisfied that the commissioner of highways had and acquired no jurisdiction to make the order declaring the highway in controversy abandoned. Beyond any dispute, said road was one of the public highways of the town of Laurens and had been used and worked to some extent for forty years prior to the making and filing of an order of abandonment."

The Third Department in affirming (94 App. Div. 592, 594–595) said: " Under the express terms of the law, when a highway has not been traveled or used as such for six years it ceases to be a highway. It ceases to be a highway by virtue of the law and not because of any act which the commissioner may perform under the law. * * * The fact which forms the only foundation or justification for the defendant's filing and recording the description which he did, is * * * wanting in this case, and * * * we must hold upon this record, he had no power under the law to make [it] * * * His act being void for want of jurisdiction or power, the paper which he filed and recorded furnishes no defense ". Where, as here, lack of jurisdiction appears on the face of the certificate the presumption of regularity (*People ex rel Melenbacker* v. *Hubbell,* 82 Misc. 624) is rebutted thereby, (*Matter of Kelly* v. *Monaghan,* 9 A D 2d 92, 94) and want of jurisdiction to render the certificate may be raised collaterally, either from an inspection thereof or upon extraneous proof. (*MacAffer* v. *Boston & Maine R. R.,* 242 App. Div. 140, 148.)

Plaintiffs established by the testimony of witnesses that the road was continuously used and traveled as a highway in each of the six years prior to its discontinuance.

Defendants failed to establish their defense that Dills Road was abandoned and the recital in the certificate of discontinuance as well as the evidence establish that the rendering of the certificate was unjustified and that it was a nullity because of lack of jurisdiction to make it. It follows that Dills Road is still a public highway. The obstruction thereon is a nuisance. The judgment should, therefore, be reversed and judgment rendered in favor of plaintiffs requiring defendants to remove it. (Real Property Actions and Proceedings Law, § 841; PJI 3: 17, pp. 669–670.)

BASTOW, P. J., GOLDMAN, DELVECCHIO and MARSH, JJ., concur.

Judgment unanimously reversed on the law and facts with costs, and judgment granted to plaintiffs in accordance with the opinion by HENRY, J.