OPINION OF THE COURT
Joseph G. Fritsch, J.
This proceeding is brought pursuant to CPLR article 78 against the Town of Darien and its highway superintendent. The petitioner seeks a judgment declaring the abandonment of a town highway to be null and void. The respondents’ third affirmative defense, as contained in both its answer and amended answer, maintains that the present application and petition is barred by the Statute of Limitations, as contained in section 205 of the Highway Law and other applicable time limitations. This decision by agreement with both counsel is limited solely as to whether or not the proceeding is barred by the Statute of Limitations in the Highway Law.
Petitioner is the owner of approximately 50 acres of land located in the Town of Darien, New York, which is allegedly a land-locked parcel. He purchased this property in 1979 from his father who was in title during the year 1942 when the alleged abandonment of the highway took place. He contends that if it is determined that the re *105 spondent town did not comply with section 205 of the Highway Law, the Statute of Limitations would not be a bar to the relief he is seeking because he purchased the property in 1979 and thus, this proceeding is timely. Subdivision 2 of section 205 of the Highway Law states in part as follows: “Any action or proceeding involving the abandonment or qualified abandonment of a highway made pursuant to this section must, in the case of abandonment, be commenced within one year from the date of filing by the town superintendent as provided in subdivision one of this section”.
Subdivision 1 of section 205 of the Highway Law reads in part as follows: “The town superintendent with the written consent of a majority of the town board shall file, and cause to be recorded in the town clerk’s office of the town a written description, signed by him, and by said town board of each highway and public right-of-way so abandoned, and the same shall thereupon be discontinued.”
An examination of respondents’ exhibits A and B shows that the Town Board of the Town of Darien met at regular meetings in 1942, and by vote, passed a resolution to declare the highway in question, called the “New Road”, abandoned. It also appears that petitioner’s predecessor in title, his father, attended the August, 1942 town board meeting which, by a majority, passed a resolution abandoning the highway in question. At this meeting he signed a waiver and agreed to have “New Road” abandoned. The respondents are unable to show the filing of a certificate signed by the town superintendent and town board referred to in subdivision 1 of section 205 of the Highway Law. It is presumed that the Darien town board and the highway superintendent performed their official duty according to law and that the action by the town board was regular and proper in all respects when they resolved that the “New Road” be declared abandoned. (See Matter of Leichter v Barrett, 208 Misc 577, 581; 21 NY Jur, Evidence, § 111.)
Assuming then that the town board had proof that the highway has not been traveled or used as a highway for six years, such highway would be considered a legally *106 abandoned highway, regardless of the failure of the town superintendent to perform the ministerial action of filing pursuant to section 205 of the Highway Law. The filing of a certificate is merely a ministerial act, not an essential requisite. (See Matter of Trainer v Lewis, 243 App Div 630; Raynor v Syracuse Univ., 35 Misc 83; People ex rel. De Groat v Marlette, 94 App Div 592; Matter of Avoca Soil Improvement Co. v Wilber, 137 Misc 827; also 1943 Opns Atty Gen 349; 8 Opns St Comp, 1952, p 118.)
Respondents’ resolution, which was approved by the town board in 1942, was made with full knowledge to all adjacent property owners, and cannot now be attacked as improper for lack of the filing pursuant to section 205 of the Highway Law. (See Matter of Avoca Soil Improvement Co. v Wilber, 137 Misc 827, 829, supra; also, see, Matter of Corneilson v Sowles, 59 AD2d 637.)
The respondents’ defense of the Statute of Limitations is a bar to the relief requested by petitioner, and this proceeding is, therefore, dismissed.
Submit judgment accordingly.