OPINION OF THE COURT
James R. Harvey, J.
Petitioners bring this article CPLR 78 petition to challenge respondent’s action in declaring the eastern portion of School House Road “qualified abandoned.” The road had previously been classified as “abandoned”. The change in classification al *62 lowed the road to be opened to the public. Petitioners contend that once the town declared the road abandoned, the road became the private property of the adjoining landowners.
Petitioners own property on Gulick Road in the Town of South Bristol. School House Road runs between the two pieces of property. Petitioners own to the center line of School House Road, which runs across the properties on an east-west axis. Petitioners state that respondent has not acquired title to the land by condemnation or any other proceeding and so respondent may not open the road to the public.
' In 1985, respondent passed a resolution which declared that the eastern portion of School House Road was abandoned. Since that time there has been no action or proceeding to challenge that resolution. In 1987, respondent convened a public hearing to consider the “qualified abandonment” of School House Road. Petitioners state that they did not receive notice of that hearing despite the requirement of Highway Law § 205 (2) that they receive 20 days’ written notice. A certificate of qualified abandonment was recorded on February 16, 1998. In 1996, the petitioners’ neighbors, the Woodards, were given permission to regrade the eastern portion of School House Road in order to provide access to a portion of their property. Petitioners state that in 1998 they learned that respondent had fully abandoned the road in 1985. When they learned of the abandonment, they erected a gate to prevent people from trespassing on their property.
On May 11, 1999, respondent adopted a new resolution “repealing” the declaration of abandonment and substituting a declaration of “qualified abandonment.” Petitioners state that the resolution did not appear on the published agenda, and no one from the town attempted to contact the petitioners. In repealing the 1985 resolution, respondent considered the affidavits of two individuals who stated that in 1985 vehicles traveled the eastern portion of School House Road.
Highway Law § 205 (1) provides, “Every highway that shall not have been opened and worked within six years from the time it shall have been dedicated to the use of the public, or laid out, shall cease to be a highway; but the period during which any action or proceeding shall have been, or shall be pending in regard to any such highway, shall form no part of such six years; and every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, and every public right of way that shall not have been used for said period shall be deemed abandoned as a right- *63 of-way. The town superintendent with the written consent of a majority of the town board shall file, and cause to be recorded in the town clerk’s office of the town a written description, signed by him, and by said town board of each highway and public right-of-way so abandoned, and the same shall thereupon be discontinued.”
Respondent contends that the 1985 resolution was properly repealed based on the affidavits submitted in 1999 which state that School House Road was used in the six years preceding 1985. Courts have uniformly held that the failure to file the certificate required by Highway Law § 205 (1) does not invalidate the abandonment of a road because the filing of the certificate is a mere ministerial act. That is, the road becomes abandoned by operation of law when it has not been used for six years, and not when the certificate is filed. Respondent seeks to have this rule apply in the reverse so that a certificate that is filed when there has been no abandonment for six years is void.
The cases supporting respondent’s position (see, People ex rel. De Groat v Marlette, 94 App Div 592 [3d Dept 1904]; Cranson v Town of Homer, 132 Misc 2d 824 [1986]) are not controlling and this court takes a different position. Once a road has been deemed abandoned, that determination is not subject to collateral attack. The Highway Law itself limits the problem of collateral attack by stating, “Any action or proceeding involving the abandonment or qualified abandonment of a highway made pursuant to this section must, in the case of abandonment, be commenced within one year from the date of filing by the town superintendent as provided in subdivision one of this section” (Highway Law § 205 [2]).
In 1985 respondent proceeded, pursuant to the Highway Law, to have School House Road abandoned. Despite respondent’s arguments to the contrary, any attempt to invalidate the certificate or the resolution must be made pursuant to the Highway Law. Therefore, respondent was precluded from attempting to invalidate the declaration of abandonment made in 1985 after 1986. Respondent obviously knew when the town superintendent filed the certificate. Therefore, respondent is estopped from contesting the validity of the abandonment and the certificate 14 years later.
The time to contest the abandonment of School House Road *64 expired in 1986. Therefore, the actions taken in 1988 and 1999 with respect to the road have no effect and the road remains abandoned pursuant to the 1985 resolution.